ATTORNEY DISCIPLINARY PROCEEDINGS
hPER CURIAM.*
This attorney disciplinary proceeding arises from a complaint filed with the Office of Disciplinary Counsel (“ODC”) against respondent, Joe L. Horne, an attorney licensed to practice law in the State of Louisiana. Respondent now seeks discipline by consent, admitting he has violated Rules 1.1 (incompetence); 1.3 (lack of due diligence); 1.4 (failure to comply with reasonable requests for information ); 1.5 (charging an excessive fee); 1.8(a) (entering into a business transaction with a client with a conflict of interest); 1.15 (failure to protect client funds); 1.16(d) (failure to protect client interests upon termination of representation); 8.1 (failure to cooperate and otherwise making false or misleading statements in a disciplinary investigation); 8.4(a) (violating the Rules of Professional Conduct); and 8.4(d) (engaging in conduct prejudicial to the administration of justice) of the Rules of Professional Conduct.
UNDERLYING FACTS
The underlying facts were set forth in the formal charges filed by the ODC, which were acknowledged and admitted by respondent. These charges provided as follows:
Janice Baylous Kern died on August 1, 1988 and the respondent was named as the Executor of her and provided legal representation to the estate through his law firm, Horne, Higgins & Higgins. While the respondent and his firm filed a petition for probate of the statutory testament, the Succession of Janice Baylous Kern has never been completed. The respondent caused the decedent’s home to be sold at private sale and the remainder of her personal belongings to be sold at auction and liquidated. Thereafter, the respondent failed to return phone calls, failed to provide the heirs with a list of the estate’s assets and debts, failed to act with diligence, failed to account to the heirs and failed to act with competence in the handling of this relatively simple succession. *847 The funds collected by the respondent on behalf of the estate were not segregated for the benefit of the client, respondent charged an excessive fee for the limited work performed without proper ^authorization of the client, and, as of November, 1997, has failed to obtain a judgment of possession or otherwise conclude the succession of Ms. Kern.
Further, respondent, facing disciplinary proceedings with the Office of Disciplinary Counsel and potential civil exposure, forwarded what he contended to be the balance of the succession funds to the heirs, but placed on the back of the cheeks language designed to be a full and complete release in his favor of any civil or disciplinary liability associated with his handling of the estate since 1988 without referring the heirs to an attorney of their own choosing, all in violation of the Rules of Professional Conduct.
Finally, in the investigation of this matter, the respondent provided false and misleading information to the Office of Disciplinary Counsel designed to mislead and/or excuse his misconduct.
DISCIPLINARY PROCEEDINGS
After the filing of formal charges, respondent filed an answer denying any misconduct.[1] Prior to the formal hearing, respondent filed a petition for consent discipline, in which he acknowledged the material facts set forth in the formal charges and proposed he be suspended from the practice of law for a period of one year and one day, totally deferred, subject to a two year period of supervised probation with conditions.[2] The ODC concurred in the ^petition for consent discipline, and the matter was referred to a hearing committee. The hearing committee rendered its report to the disciplinary board, in which it found the proposed consent discipline to be appropriate.
Thereafter, the disciplinary board filed its findings and recommendation with this court. In finding the consent discipline appropriate, the board recognized that respondent was 78 years old and had practiced law for 43 years, with only one prior disciplinary infraction, a private admonishment issued in 1994 for failure to cooperate with the ODC. Further, it noted the respondent currently has a very limited practice consisting of only ten active cases, is assisted by another member of his firm, and is not accepting any new cases. Accordingly, the board recommended the consent discipline be accepted.[3]
Neither the ODC nor respondent have filed objections in this court to the disciplinary board’s recommendation.
*848 CONCLUSION
Considering all the facts of this case, we conclude the proposed consent discipline is appropriate. The recommended conditions will assure resolution of the Kern matter, and are designed to protect respondent’s present and future clients. Accordingly, we will approve the proposed consent discipline.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and the record filed herein, it is the decision of the court that the recommendation of the disciplinary board be adopted. Accordingly, it is ordered that respondent, Joe L. Horne, be suspended from the practice of law for a period of one year and one day. ItUis further ordered that this suspension be totally deferred, and that respondent be placed on probation for a period of two years, subject to the conditions proposed in the consent discipline. All costs of these proceedings are assessed against respondent, with legal interest to commence running thirty days from the finality of this judgment until paid.

 Kimball, J. not on panel. Rule IV, Part II, § 3.

. In his answer, respondent conceded a judgment of possession had not been obtained in the succession matter, but contended this failure was due to the fact that the heirs refused to sign the petition for possession that he drafted in 1995. He denied charging an excessive fee, and agreed to submit his bill to arbitration and accept the findings. As to the allegations that he misled or failed to cooperate with the ODC, he stated that "[tjhe inability of a 77-year old man to recall details of the handling of a case under the pressure of close questioning does not constitute willful deception, but merely reflects the level of stress resulting from being named respondent in these proceedings.”

. The conditions were as follows:
(1) Respondent will limit his practice, will not represent any new clients where he has sole or primaiy responsibility for representing the client, and will disclose to all clients, new and old, that he is required to take in an associate to assist him in handling client matters.
(2) Respondent will immediately close out the Kern succession through a Judgment of Possession, if the heirs consent. If the heirs refuse, respondent will file a motion to withdraw.
(3) Respondent agrees to submit the Kern Succession to binding arbitration with the LSBA's Fee Arbitration Committee and agrees to submit his file with a copy of the record in the legal proceedings, as well as provide proof of all fees and costs that he has retained out of the succession funds. If it is determined that respondent charged an excessive fee, the excess will be paid to the heirs within 10 days of the decision with proof of payment to the ODC.
(4) Respondent agrees to pay all costs associated with the disciplinary process within 10 days of the finality of the Supreme Court’s decision approving the consent discipline.
(5) Respondent acknowledges that upon violation of any terms of his probation that the ODC will file a rule to revoke and impose the actual period of suspension.

.The board also recommended assessment of proceeding costs with legal interest to commence running thirty days from the finality of the court's judgment until paid.