ATTORNEY DISCIPLINARY PROCEEDINGS.
|,PER CURIAM. *
This disciplinary matter stems from three counts of formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Iona A. Renfroe, an attorney licensed to the practice of law in the State of Louisiana.
UNDERLYING FACTS
In September 1998, Lionel Jackson, a resident of California, retained respondent to investigate matters concerning the succession of his brother. One month later, respondent accepted a $600 retainer fee from Mr. Jackson to begin working on the case. Subsequently, respondent failed to complete the services for which she was retained and failed to communicate with her client.
On February 19, 1999, Mr. Jackson sent correspondence to respondent via certified mail, in which he terminated the representation and requested a full refund of the unearned fee. Respondent failed to provide the refund or any response. There *372 fore, Mr. Jackson retained other counsel, who completed the matter.
Subsequently, Mr. Jackson filed a complaint with the ODC. The ODC forwarded the complaint to respondent at her primary registration address and requested information regarding the complaint, but she failed to answer the request. _[¿The ODC then sought to subpoena respondent to appear for deposition, but was unable to effectuate service upon her.
The ODC eventually contacted respondent by telephone, and she subsequently responded to the complaint, some two months after she first received notice of it. In her response, she conceded that she had accepted the retainer and had failed to complete the matter, as well as failed to communicate with her client. She advised the ODC that she would complete the work for which she was retained by the end of the month at no additional cost or expense to her former client, as well as return her client’s files. However, she failed to complete the matter, provide an accounting or return the unearned fee.
DISCIPLINARY PROCEEDINGS

Formal Charges

After investigation, the ODC filed two counts of formal charges against respondent asserting her conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.3 (lack of diligence), 1.4 (failure to communicate), 1.5(f) (failure to refund unearned fee), 1.16(a) (failure to properly withdraw from legal representation), 1.16(d) (failure to protect client interests upon termination of the representation), 8.1(c) (failure to cooperate with the ODC in its investigation), 8.4(a) (violating the Rules of Professional Conduct), 8.4(c) (engaging in conduct involving deceit, dishonesty, fraud, or misrepresentation) and 8.4(g) (failure to cooperate with the ODC in its investigation).
Respondent was served with the formal charges at her primary registration, but did not file an answer. As a result, no formal hearing was conducted and the case was submitted to the hearing committee on documentary evidence and written argument. Supreme Court Rule XIX, § 11(E)(3). In support of its case, the ODC presented, |3among other things, a copy of the complaint, the letter of engagement, the canceled retainer check and respondent’s correspondence directed to the ODC, as well as the correspondence and related documentation evidencing respondent’s failure to comply with the ODC’s requests for information. Respondent failed to submit any evidence or argument for consideration.

Recommendation of the Hearing Committee

The committee determined there was clear and convincing evidence to support the formal charges, and that respondent knowingly and intentionally violated duties to her client and the profession. Relying on Standard 4.43 of the ABA’s Standards for Imposing Lawyer Sanctions, the committee noted the baseline sanction for respondent’s conduct is suspension.[1] As aggravating factors, it recognized dishonest or selfish motive, bad faith obstruction of the disciplinary proceedings by intentionally failing to cooperate in the disciplinary investigation, refusal to acknowledge wrongful nature of conduct and indifference to making restitution. While it found no mitigating factors existed, it recognized respondent’s lack of prior disciplinary misconduct.
*373 Accordingly, the committee recommended respondent be suspended from the practice of law. The committee did not specify a period of time for the suspension, although it apparently anticipated a suspension in excess of one year, as it recommended reinstatement be conditioned on an accounting and restitution.
Neither respondent nor the ODC objected to the hearing committee’s recommendation.

14Recommendation of the Disciplinary Board

The disciplinary board concurred with the committee that respondent violated the professional rules as charged, except with regard to Rules 1.5(f)(6) and 1.16(a). The board noted that respondent actually received an advance deposit against fees which were to accrue in the future, since the record indicated the $600 fee was paid for respondent to “begin the work.” As a result, it found the failure to return the unearned portion of the fee constituted a violation of Rule 1.16(d), which pertains to a failure to protect client interests at the termination of the representation, rather than Rule 1.15(f)(6), relating to fixed fees. Additionally, the board determined there was no violation of Rule 1.16(a), pertaining to respondent’s failure to refund her client’s fee when the representation was terminated, since there was no evidence in the record respondent received Mr. Jackson’s letter terminating the representation. Therefore, the board dismissed the charges subject of Rules 1.5(f)(6) and 1.16(a).
Like the committee, the board found respondent knowingly and intentionally violated duties owed to her client and to the profession. In addition to the aggravating factors cited by the committee, it noted vulnerability of the victim[2] and substantial experience in the practice of law (admitted in 1980), although it declined to adopt the aggravating factors of refusal to acknowledge the wrongful nature of conduct or indifference to making restitution.[3] As mitigating factors, it recognized respondent’s absence of a prior disciplinary record, and remorse. Relying on ABA Standard 4.42 and jurisprudence from this court, the board recommended that respondent be suspended from the practice of law for a period of six months, fully deferred, and ordered to provide an accounting and a refund of the -unearned fee.
1 Neither respondent nor the ODC objected to the disciplinary board’s recommendation.
DISCUSSION
The record supports the finding that respondent knowingly and intentionally neglected her chent’s case, failed to communicate with her client, and failed to account for and return the unearned fee, as well as failed to cooperate with the ODC. Therefore, the sole issue presented for our consideration is the appropriate sanction for this misconduct.
In determining an appropriate sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed *374 depends upon the facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
Respondent’s conduct caused actual harm to her client when she neglected the legal matter, requiring Mr. Jackson to obtain other counsel at additional time and expense to complete the succession matter. Mr. Jackson continues to be deprived of a portion of the legal fees he advanced to respondent. However, we recognize the existence of mitigating factors, including respondent’s lack of a prior disciplinary record and her demonstration of remorse in her appearance before the disciplinary board.
Under similar circumstances, this court has imposed deferred suspensions. See, e.g., In re: Jones, 00-2765 (La.2/21/01), 779 So.2d 712; In re: Horne, 98-2514 (La.11/6/98), 721 So.2d 846. Accordingly, we will accept the recommendation of the 1 ^disciplinary board. Respondent shall be suspended from the practice of law for a period of six months, but that suspension shall be fully deferred, subject to the provision that respondent provide an accounting to her client and make appropriate restitution.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is the decision of this court that the recommendation of the disciplinary board be accepted. Accordingly, it is ordered that Iona A. Renfroe be suspended from the practice of law for a period of six months. This suspension shall be fully deferred, subject to the condition that provide a full accounting to her client and make restitution of any amount she may owe to her client. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.
TRAYLOR and VICTORY, JJ„ dissent from the order and would not defer the entire 6 months.

 Retired Judge Robert L. Lobrano, assigned as Justice Pro Tempore, participating in the decision.

. The committee incorrectly cited to ABA Standard 4.43, which pertains to reprimands. Apparently, it intended to cite ABA Standard 4.42, which relates to suspensions.

. The board pointed out Mr. Jackson resided in San Francisco and, therefore, was completely dependent on respondent for the information he needed to investigate the succession matter.

. Respondent appeared before a panel of the board. At that time, she conceded that she owed her former client an accounting and offered to refund of a portion of the fee totaling $275.