ATTORNEY DISCIPLINARY PROCEEDINGS
JjPER CURIAM.
This disciplinary matter arises from one count of formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Edselle K. Cunningham, an attorney licensed to practice law in Louisiana.
UNDERLYING FACTS
In early 1998, Margaret E. Hubbard retained respondent to represent her in litigation involving her late husband’s estate. At some point, the trial court denied a motion for summary judgment filed on behalf of Mrs. Hubbard. In March 1999, Mrs. Hubbard instructed respondent in person and in writing to seek review of this ruling. Respondent failed to do so. Thereafter, Mrs. Hubbard began experiencing difficulty in contacting respondent. By June 1999, he stopped returning her telephone calls.
On February 23, 2000, Mrs. Hubbard sent a letter to respondent, advising him that she was discharging him as her attorney and requesting the return of her file. Although respondent received a copy of the discharge letter, he failed to comply with his former client’s requests. Mrs. Hubbard retained new counsel, who was also unsuccessful in his numerous attempts to have respondent produce Mrs. Hubbard’s file.
Subsequently, Mrs. Hubbard filed a complaint against respondent with the ODC. Respondent failed to reply to the ODC’s request for information regarding the ^matter. As a result, the ODC issued a subpoena compelling respondent’s appearance and production of documents at a scheduled deposition.
Respondent appeared at the deposition and admitted he was unable to locate his client’s file, which contained original canceled checks and other documents that were pertinent to the succession proceedings. He conceded he failed to respond to Mrs. Hubbard’s requests for information concerning the case. In mitigation, he explained that he suffered from health problems in the summer of 1999 and, ultimately, underwent bypass surgery in November 1999.
DISCIPLINARY PROCEEDINGS

Formal Charges

After an investigation, the ODC filed one count of formal charges against respondent alleging violations of Rules 1.1(a) (incompetence), 1.3 (lack of diligence), 1.4(a) (failure to keep client reasonably informed about the status of legal matter and failure to comply with reasonable requests for information), 1.4(b) (failure to provide client sufficient information to participate intelligently in decisions subject of the representation), 1.15 (failure to keep client property separate from the lawyer’s own property), 1.16(a)(3) (failure to withdraw from representation following dis *137 charge), 1.16(d) (failure to protect client interests upon termination of representation), 8.4(a) (violating the Rules of Professional Conduct), 8.4(c) (engaging in conduct involving deceit, dishonesty, fraud, or misrepresentation) and 8.4(d) (engaging in conduct prejudicial to the administration of justice) of the Rules of Professional Conduct.
Respondent failed to answer or otherwise reply to the formal charges. Accordingly, no formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the 13issue of sanctions. The ODC filed a memorandum seeking imposition of a lengthy suspension. Respondent filed nothing for the hearing committee’s consideration.

Recommendation of the Hearing Committee

Based on respondent’s failure to file an answer, the hearing committee found the formal charges were deemed admitted and, as such, proven by clear and convincing evidence pursuant to Supreme Rule XIX, § 11(E)(3). Turning to the issue of an appropriate sanction, the committee noted respondent’s substantial experience in the practice of law,[1] prior disciplinary record[2] and selfish motive, as well as the vulnerability of the victim. In mitigation, the committee recognized respondent’s personal and physical problems, good character and reputation, cooperation and remorse. Relying on these factors, the committee recommended a suspension for a period of two and one-half years, with all but one year deferred, subject to a two-year period of probation.
Neither party filed an objection to the findings and recommendation of the hearing committee.

Recommendation of the Disciplinary Board

Based on its review of the record, the board determined respondent negligently, in part, and knowingly, in part, violated duties owed to his client by failing to provide competent and reasonably diligent representation to her, failing to adequately |4communicate with her and failing to protect her property. The board found his client was harmed by the delay caused by respondent’s failure to move her case forward, his failure to withdraw from the representation, and his failure to return her file. Additionally, it recognized the legal system and profession were damaged by respondent’s failure to cooperate, the delay in the disciplinary proceedings and the additional unnecessary expense. Relying on the ABA’s Standards for Imposing Lawyer Sanctions, the board concluded the baseline sanction for respondent’s misconduct is a suspension from the practice of law.
In aggravation, the board cited respondent’s prior disciplinary offenses, pattern of misconduct, vulnerability of the victim and substantial experience in the practice of law. In mitigation, it recognized respondent’s personal or emotional problems stemming from his medical concerns, full and free disclosure to the disciplinary *138 board and remorse. Relying on other jurisprudence from this court, the board recommended a one year and one day suspension from the practice of law.
Respondent filed an objection to the board’s findings and the severity of the proposed sanction. Based on such, the matter was docketed for briefing and argument in accordance with Supreme Court Rule XIX, § 11(G).
DISCUSSION
The deemed admitted facts in this case support the conclusion that respondent incompetently handled and neglected his client’s legal matter, failed to communicate with his client and failed to protect his client’s interests at the termination of the representation by not properly withdrawing from the representation and returning his client’s property. These actions constitute violations of the Rules of Professional Conduct.
| fjHaving found professional misconduct, we now turn to the issue of sanctions. In doing so, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
Respondent’s neglect of his client’s legal matter and failure to return her file caused his client actual harm, as it delayed resolution of her case and subjected her to the additional expense necessary to reconstruct her file. The baseline sanction for such misconduct is a suspension from the practice of law, though the actual length of the suspension is dependent on the presence or lack of aggravating and mitigating circumstances. See In re: Renfroe, 01-1947 (La.11/9/01), 800 So.2d 371; In re: Vaughan, 01-1948 (La.10/26/01), 801 So.2d 1058; In re: Trichel, 00-1304 (La.8/31/00), 767 So.2d 694.
In the instant matter, several significant mitigating factors are present, including respondent’s health problems during the time of the misconduct and his remorse for his actions. In aggravation, we recognize respondent’s substantial experience in the practice of law and his prior disciplinary record. However, with regard to these factors, we observe that respondent had an unblemished disciplinary record from his admission in 1977 until the late 1990’s. During oral argument before this court, respondent’s counsel explained that respondent experienced some disruption in his law office environment around this time, which may have contributed to the misconduct.
| sUnder these circumstances, we conclude that a period of actual suspension, combined with a period of probation, will impress up respondent the seriousness of his misconduct and provide respondent with the opportunity to correct the deficiencies in his office management, while also protecting the public from future harm. Accordingly, we will suspend respondent from the practice of law for a period of six months. Following completion of his suspension, respondent shall be placed on probation for a period of two years, subject to the following conditions:
1. During the period of probation, respondent shall be supervised by a practice monitor to be appointed by the ODC.
2. The practice monitor shall review respondent’s files and make reports to the ODC on a quarterly basis (or *139 sooner, as necessary) during the probationary period.
3. Respondent shall establish and maintain an effective calendaring system and method to communicate with clients and shall obtain the assistance of the Louisiana State Bar Association’s Loss Prevention Counsel, the Louisiana State Bar Association’s Practice Assistance Counsel, and his probation monitor in the creation of a proper law office management program.
4. In addition to his ordinary mandatory continuing legal education requirements, respondent shall during each year of his probation attend and successfully complete an additional ten continuing legal education hours in the area of law office management, ethics, or professionalism.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, briefs, and oral argument, it is ordered that Edselle K. Cunningham, Louisiana Bar Roll number 4655, be suspended from the practice of law for a period of six months. Following completion of the suspension,_Jjit is ordered that respondent shall be placed on supervised probation for a period of two years, subject to the conditions identified in this opinion. Any violation of these conditions or other misconduct during the probationary period may be grounds to revoke probation and cause respondent to be suspended for the remainder of the probationary period or receive additional discipline, as appropriate. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. Respondent was admitted to the bar in 1977.

. In 1996, respondent was admonished for neglecting to file a post-conviction brief on behalf of a client convicted of second degree murder, as well as for failing to communicate with the client and failing to return the unearned fee. He was admonished in 1998 for failing to take any measures in a client’s uncontested divorce case and failing to communicate with the client. Respondent was admonished a third time in 2000 for failing to supervise a suspended attorney in respondent's employ who participated in a deposition.