*451 ATTORNEY DISCIPLINARY PROCEEDINGS
|,PER CURIAM.
This disciplinary matter arises from one set of formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Kent Anthony Smith, an attorney licensed to practice law in Louisiana.
UNDERLYING FACTS
Count I — The Williams Matter
On December 26, 2002, respondent agreed to handle a breach of contract matter for Reginald Williams. Mr. Williams paid respondent $600 on December 27, 2002. Respondent provided Mr. Williams with a receipt with a note that indicated the $600 was for “Suit Prep.” Neither a written fee agreement nor a written employment contract, documenting the scope of respondent’s representation, were negotiated.
During January 2003, Mr. Williams contacted respondent several times to check on the status of his lawsuit. Under the impression that respondent had prepared and filed the lawsuit, Mr. Williams asked for a date-stamped copy. When respondent did not comply, Mr. Williams sent him a letter requesting either the date-stamped copy or a full refund. On February 7, 2003, Mr. Williams went to respondent’s office to pick up a copy of his lawsuit. Once there, he learned that respondent was just then completing it and had not yet filed it. Furthermore, respondent prepared the lawsuit [¡Jo be filed by Mr. Williams in Proper Person. Thereafter, Mr. Williams filed the lawsuit with the court and paid the court costs himself.
On February 13, 2003, Mr. Williams filed a complaint against respondent with the ODC. He alleged that respondent lied to him about filing the suit and only complied with his request for a copy of the suit after numerous phone calls.
Mr. Williams also gave a sworn statement to the ODC on July 17, 2003. He stated that respondent told him the $600 fee was for preparing and filing the law *452 suit, $400 for preparing it and $200 for the filing fee. Mr. Williams further stated that he thought respondent would be signing the suit as his attorney of record. Furthermore, when respondent asked him to retract the complaint, Mr. Williams told respondent he would not “unless [respondent] reimbursed me part of the funds for doing such a poor job!”
Count II — The Failure to Cooperate with the ODC Matter
Respondent did not claim the certified mail sent to his primary address regarding this complaint. The certified mail sent to his secondary address was signed for by Kevin Smith, but respondent failed to answer the complaint.
A subpoena was issued for respondent to provide a sworn statement, but the sheriffs office was unable to locate him for service. Another subpoena was issued, and the ODC’s investigator personally served respondent. However, respondent failed to appear for his sworn statement.
DISCIPLINARY PROCEEDINGS

Formal Charges

|sOn September 9, 2003, the ODC filed one set of formal charges against respondent. The ODC alleged respondent’s conduct violated the following Rules of Professional Conduct: Rules 1.2(a)(b) (scope of the representation), 1.3 (failure to act with reasonable diligence and promptness in representing a client), 1.5 (fee arrangements), 1.15(a) (safekeeping property of clients or third persons), 8.4(a) (violation of the Rules of Professional Conduct), 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and 8.4(g) (failure to cooperate with the ODC in its investigation). Respondent answered the formal charges, essentially denying the allegations of misconduct.

Formal Hearing

This matter proceeded to a formal hearing on the merits, which was conducted by the hearing committee on December 10, 2003. Respondent appeared and was represented by counsel, Lee Faulkner, Jr. The ODC was represented by Deputy Disciplinary Counsel Robin Pittman.
The ODC introduced documentary evidence in support of the formal charges. Respondent introduced a letter, written by Mr. Williams to the ODC and dated December 4, 2003, retracting the original complaint. Both respondent and Mr. Williams testified in person before the committee.[1]
*453 I ¿Following testimony, the committee chair ordered both the ODC and respondent to file a post-hearing memorandum regarding an appropriate sanction. The ODC submitted its memorandum and recommended a minimum of a three to six month suspension followed by supervised probation with conditions. Respondent submitted his memorandum and recommended the charges be dismissed or, if dismissal was not possible, a public admonition.

Hearing Committee Recommendation

Considering the evidence presented at the hearing, the hearing committee made the following findings of fact:
1. Mr. Williams admitted that he may have misunderstood the scope of respondent’s representation;
2. Even though respondent indicated on the receipt that the $600 was for suit preparation, Mr. Williams believed that $400 was for attorney’s fees and $200 was for filing fees;
3. Mr. Williams expected only that respondent would prepare and file the lawsuit, anticipating the defendants would pay him once they were served;
4. On December 27, 2002, responded implied that the suit preparation would only take one to two weeks;
5. Mr. Williams called respondent three times in January 2003 but misunderstood respondent’s status report that the “suit was done,” thinking it had been filed and he could get a copy;
|r6. When Mr. Williams went to pick up the lawsuit on February 7, 2003, he learned that it had not been filed and it was prepared for him to file in Proper Person;
7. Mr. Williams timely filed the lawsuit himself and paid the court costs himself;
8. Although Mr. Williams asked respondent to reimburse the unearned portion of the $600 fee, Mr. Williams testified at the hearing that no money was due to him. Therefore, Mr. Williams has never been reimbursed for attorney’s fees or filing costs;
9. This was the first time respondent had been hired by Mr. Williams;
10. Responded failed to cooperate with the ODC when he did not file a response to the complaint or appear for the sworn statement. However, when he realized the complaint was not resolved, he did respond;[2]
11. Respondent has been disciplined in the past;[3]
12. Respondent accepted responsibility for failing to cooperate with the ODC’s investigation; and
13. Mr. Williams was not harmed because of the misunderstandings and short delay in filing the lawsuit.
Based on these facts, the committee found the following violations of the Rules of Professional Conduct: Rules 1.2(a)(b), 1.5(b), 8.4(a), and 8.4(g). The committee did not find clear and convincing evidence to support violations of Rules 1.3, 1.15, and 8.4(c).
The committee determined that respondent limited the scope of his representation beyond Mr. Williams’ understanding of the services to be provided. | fiThe notation on the receipt did not provide adequate information regarding the services nor did it imply Mr. Williams’ consent to *454 the limitation. Likewise, the notation on the receipt did not adequately explain the fee agreement, causing Mr. Williams to again misunderstand. Respondent also failed to cooperate with the ODC in its investigation.
However, since the lawsuit was timely filed within six weeks, the committee determined that respondent did not fail to act with reasonable diligence or promptness. The ODC also did not show that respondent failed to keep safe Mr. Williams’ property. Furthermore, respondent was not dishonest in his status reports to Mr. Williams. Rather, the misunderstandings were due to inadequate communication between respondent and Mr. Williams.
The committee determined that respondent violated duties owed to Ms client and the professional. Respondent’s conduct was negligent because of his “haphazard dealings with his clients,” but it caused no harm to Mr. Williams. The appropriate ABA Standards for Imposing Laioyer Sanctions are Standards 4.42 (suspension for knowingly failing to perform services or engaging in a pattern of neglect), 4.62 (suspension for knowingly deceiving a client), and 7.2 (suspension for knowingly violating a duty owed as a professional).
As aggravating factors, the committee recognized respondent’s prior disciplinary offense, pattern of misconduct, multiple offenses, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with rules or orders of the disciplinary agency, and indifference to making restitution. The committee found mitigating factors of absence of a dishonest or selfish motive and inexperience in the practice of law.
Considering the above findings, the committee determined that respondent should receive the baseline sanction of a period of suspension. Therefore, the |7committee recommended that respondent be suspended from the practice of law for a period of one year, fully deferred, subject to one year of supervised probation with several conditions, the most important being additional education on law office management and ethics.
Neither respondent nor the ODC filed an objection to the hearing committee’s recommendation.

Disciplinary Board Recommendation

After reviewing this matter, the disciplinary board accepted the hearing committee’s factual findings and agreed with the committee’s application of the Rules of Professional Conduct. Respondent violated duties owed to his client and the profession. His conduct was negligent but caused no harm to Mr. Williams.
The board adopted the committee’s aggravating factors of prior disciplinary offenses, multiple offenses, and bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with rules or orders of the disciplinary agency. However, the board rejected the committee’s findings of a pattern of misconduct (lack of diligence was not found by the committee to create a pattern with respondent’s prior misconduct), refusal to acknowledge wrongful nature of conduct (respondent apologized several times for not cooperating with the ODC, and his attorney told the committee that respondent understood he needed to do more to adequately communicate with his clients), and indifference to making restitution (respondent went over Mr. Williams’ file with him to show him the work he had done, and Mr. Williams testified at the hearing that he did not expect a refund). The board also adopted the mitigating factors of absence of a dishonest or selfish motive and inexperience in the practice of law found by the committee.
*455 I sTurning to the issue of an appropriate sanction for respondent’s misconduct, the board agreed with the committee that the baseline sanction is suspension under Standards 4.42, 4.62, and 7.2 of the ABA’s Standards for Imposing Lawyer Sanctions. Combining this court’s prior jurisprudence [4] with these standards, the board adopted the sanction suggested by the committee and recommended that respondent be suspended from the practice of law for one year, fully deferred, subject to one year of supervised probation with conditions.
Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
DISCUSSION
Bar disciplinary matters come within the original jurisdiction of this court. La. Const, art. Y, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Quaid, 94-1316 (La.11/30/94), 646 So.2d 343; Louisiana State Bar Ass’n v. Boutall, 597 So.2d 444 (La.1992). While we are not bound in any way by the findings and recommendations of the hearing committee and disciplinary board, we have held the manifest error standard is applicable to the committee’s factual findings. See In re: Caulfield, 96-1401 (La.11/25/96), 683 So.2d 714; In re: Pardue, 93-2865 (La.3/11/94), 633 So.2d 150.
Based on our review of the record, we conclude that the ODC proved by clear and convincing evidence that respondent violated the following Rules of Professional Conduct: Rules 1.2(a)(b), 1.5(b), 8.4(a), 8.4(c), and 8.4(g). Respondent limited the scope of his representation without Mr. Williams’ understanding or consent by not | Jisting himself as the attorney of record, and he did not adequately explain the fee arrangement to Mr. Williams. The record further supports a finding that respondent did not adequately explain his status reports to Mr. Williams, leading to what Mr. Williams initially considered to be dishonesty and misrepresentation. Respondent also failed to cooperate with the ODC’s investigation by not responding to the certified letter or subpoena.
Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
While respondent’s misconduct caused no actual harm to Mr. Williams, respondent did violate duties owed to his client and the profession. The aggravating factors present are a prior disciplinary offense, a pattern of misconduct,[5] multiple *456 offenses, and bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with rules or orders of the disciplinary agency. Also present are the mitigating factors of absence of a dishonest or selfish motive and inexperience in the practice of law.
ImThe baseline sanction for this misconduct is a period of suspension. However, the main cause of respondent’s negligent misconduct was his lack of detail, clarity, and organization in dealing with his clients and running his law office. Therefore, we conclude that a one-year suspension from the practice of law, fully deferred, subject to one year of supervised probation with conditions, is an appropriate sanction.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that Kent Anthony Smith, Louisiana Bar Roll number 25506, be suspended from the practice of law for one year, fully deferred, subject to one year of supervised probation with conditions.[6] All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. This factual finding is somewhat unclear, but we assume the committee considered respondent's appearance and testimony at the hearing to be his response to the complaint.

. Respondent was admonished on May 13, 2003 in 03-ADB-005 for his failure to act with reasonable diligence and his failure to adequately communicate with his clients.

. See In re: DeJean, 01-0150 (La.3/16/01), 782 So.2d 566; In re: Home, 98-2514 (La.11/6/98), 721 So.2d 846; and In re: Phelps, 02-1837 (La.9/30/02), 827 So.2d 1140.

. The board subtracted the aggravating factor of a pattern of misconduct, but a review of respondent's prior admonition reveals that he failed to adequately communicate with his clients. This is exactly the case in this matter, which clearly establishes a pattern of miscon *456 duct. Therefore we have included this factor in aggravation.

. The conditions are as follows:
1. Respondent shall respond to all reasonable requests of his probation monitor;
2. Respondent shall refrain from any violations of the Rules of Professional Conduct;
3. Respondent shall complete a course in law office management and attend the Louisiana State Bar Association ("LSBA”) Ethics School;
4. Respondent shall establish and maintain an effective calendering system and method to communicate with clients and shall obtain the assistance of the LSBA's Loss Prevention Counsel, the LSBA’s Practice Assistance Counsel, and his probation monitor in the creation of a proper law office management program;
5. Respondent shall remain current in the law during his period of probation by satisfying all annual MCLE requirements in a timely fashion, and he shall timely pay his bar dues and the disciplinary assessment; and
6. Respondent agrees that any violation of any terms or conditions set forth shall result in a summary revocation of probation.