*1233
 
 ATTORNEY DISCIPLINARY PROCEEDINGS
 

 PER CURIAM.
 
 *
 

 | tThis disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Kent Anthony Smith, an attorney licensed to practice law in Louisiana.
 

 UNDERLYING FACTS AND DISCIPLINARY PROCEEDINGS
 

 Formal Charges
 

 The formal charges filed by the ODC against respondent allege the following facts:
 

 On March 3, 2008, Respondent took the oath of office as an Assistant District Attorney before the Honorable Frank A. Marullo, Jr., Orleans Parish Criminal District Court. At the time he took the oath of office, Article V, § 26(C), of the Constitution of Louisiana provided that “No district attorney or assistant district attorney shall appear, plead, or in any way defend or assist in defending any criminal prosecution or charge.” In addition, Article 65 of the Louisiana Code of Criminal Procedure makes it unlawful for an assistant district attorney “to defend or assist in the defense of any person charged with an offense in any parish of the state.”
 

 By letter dated June 26, 2008, the Honorable Keva M. Landrum-Johnson, District Attorney of New Orleans, reported acts of misconduct by Respondent in violation of his oath of office.
 

 • Respondent represented the defendant in
 
 State of Louisiana v. Felicia D. Knight,
 
 case number 473-653: On March 18, 2008, Respondent appeared in criminal district court with and on behalf of Ms. Knight; and on April 8, 2008, Respondent appeared in criminal district court with and on behalf of Ms. Knight.
 

 • Respondent represented the defendant in
 
 State of Louisiana v. Donald G. Jones,
 
 case number 469-967: On April 17, 2008, Respondent appeared in criminal district court with and on behalf of Mr. Jones.
 

 
 *1234
 
 On July 15, 2008, Donald G. Jones filed a complaint against Respondent. Mr. Jones alleged that he retained Respondent’s services in January 2008 for representation in a criminal matter, and that several weeks before the trial Respondent accepted employment with the Orleans Parish District Attorney’s Office. Respondent did not immediately withdraw from the representation, and did not assist Mr. Jones in substituting counsel. Respondent did not provide Mr. Jones with an accounting for the attorney’s fee.
 

 The ODC alleged respondent’s conduct created a concurrent conflict of interests in violation of Rules 1.7(a)
 
 [1]
 
 and 1.11(d).
 
 [2]
 
 It further alleged respondent failed to timely withdraw from the Knight and Jones matters upon taking the oath of office as an assistant district attorney in violation of Rule 1.16(a),
 
 [3]
 
 and failed to advise the court of his continuing employment with District Attorney’s Office in violation of Rules 3.3(a)
 
 [4]
 
 and 3.4(c).
 
 [5]
 
 By continuing to represent criminal defendants after taking his oath of office as an assistant district attorney, the ODC alleged respondent violated his oath of office, as well as the Constitution and laws of the |3State of Louisiana, thereby violating Rules 8.4(a)(b)(c) and (d).
 
 [6]
 
 Finally, the ODC charged that respondent had been declared ineligible for failure to comply with his bar obligations, resulting in violations of Rules l.l(b)(c)
 
 [7]
 
 and 8.4(a).
 

 Respondent failed to file an answer to the formal charges.
 
 [8]
 
 Accordingly, the chair of the hearing committee signed an order providing that factual allegations contained in the formal charges were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the hearing committee’s consideration.
 

 
 *1235
 

 Hearing Committee Report
 

 After considering the ODC’s deemed admitted submission, the hearing committee determined that the formal charges were deemed admitted and proven by clear and convincing evidence. Based on the deemed admitted facts and additional evidence presented by the ODC, the committee determined that respondent violated the following provisions of the Rules of Professional Conduct: Rules 1.1(b), 1.1(c), 1.7(a), 1.11(d), 1.16(a), 3.3(a), 3.4(c), 8.4(a), 8.4(b), 8.4(c), and 8.4(d).
 

 Lin determining an appropriate sanction, the committee found that respondent violated duties owed to his clients, the legal system, the public, and the legal profession by his violation of his oath of office, and by his permitting conflicts of interest to exist. It found respondent acted knowingly but not intentionally. The committee noted that it appeared respondent “thought there would be no harm in his perfunctory appearances to assist in the winding up of cases against his former clients.” The committee also observed that respondent’s letter to the ODC
 
 [9]
 
 raised at least the likelihood that disclosures of the conflicts were made and consented to by the courts and by those whose interests were in conflict, although the committee recognized the consents were not in writing as required by Rule 1.7. Finally, the committee stated that while it is possible that the integrity of the district attorney’s office and of the justice system may have been called into question to a limited extent, it appears that no concrete injury was inflicted on anyone concerned. Relying on the ABA’s
 
 Standards for Imposing Lawyer Sanctions,
 
 the committee determined that a suspension from the practice of law is the baseline sanction for this misconduct.
 

 The committee identified the following aggravating factors: prior disciplinary offenses,
 
 [10]
 
 and “current ineligibility to practice as a result of his failure to comply with bar membership requirements.” In mitigation, the committee found the absence of a proven dishonest or selfish motive.
 

 After reviewing this court’s jurisprudence, the committee recommended that respondent be suspended from the practice of law for six months, with two months | r,deferred, such suspension to begin when and if respondent becomes eligible to practice law by complying with the bar membership requirements.
 

 The ODC filed an objection to the committee’s recommendation, stating that the committee’s recommended discipline was “unduly lenient in light of the facts and circumstances.” In its brief to the disciplinary board, the ODC suggested that the baseline discipline for respondent’s misconduct ranges from a lengthy suspension to disbarment.
 

 Disciplinary Board Recommendation
 

 After reviewing this matter, the board determined that the deemed admitted facts support the conclusion that respondent violated the Rules of Professional Conduct as alleged in the formal charges. Specifically, the board determined that respondent violated the following Rules of Professional Conduct: Rules 1.1(b), 1.1(c),
 
 *1236
 
 I.7(a), 1.11(d), 1.16(a), 3.3(a), 3.4(c), 8.4(a), 8.4(b), 8.4(c), and 8.4(d).
 

 Citing the ABA’s
 
 Standards for Imposing Lawyer Sanctions,
 
 the board concluded that the baseline sanction was suspension.
 
 [11]
 
 In aggravation, the board recognized the following factors: two pri- or disciplinary offenses, a pattern of misconduct, multiple offenses, and vulnerability of the victims. The board rejected the committee’s conclusion that the absence of a dishonest or selfish motive is an applicable mitigating circumstance.
 
 [12]
 

 | (;Based
 
 on
 
 this analysis, the board recommended that respondent be suspended from the practice of law for one year and one day. The board also recommended that respondent be assessed with all costs and expenses of these proceedings.
 

 Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
 

 DISCUSSION
 

 Bar disciplinary matters fall within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence.
 
 In re Banks,
 
 09-1212 (La.10/2/09), 18 So.3d 57.
 

 In cases in which the lawyer does not answer the formal charges, the factual allegations of those charges are deemed admitted. Supreme Court Rule XIX, § 11(E)(3). Thus, the ODC bears no additional burden to prove the factual allegations contained in the formal charges after those charges have been deemed admitted. However, the language of § 11(E)(3) does not encompass legal conclusions that flow from the factual allegations. If the legal conclusion the ODC seeks to prove (i.e., a violation of a specific rule) is not readily apparent from the deemed admitted facts, additional evidence may need to be submitted in order to prove the legal conclusions that flow from the admitted factual allegations.
 
 In re: Donnan,
 
 01-3058 (La.1/10/03), 838 So.2d 715.
 

 The deemed admitted facts and other evidence in the record of this matter clearly support the conclusion that respondent violated the Rules of Professional Conduct as alleged in the formal charges. Specifically, the record demonstrates that | ^respondent violated both constitutional and statutory prohibitions by serving as an assistant district attorney in Orleans Parish while continuing to represent defendants in criminal cases in that same parish. Respondent’s failure to properly withdraw from representation
 
 of
 
 these defendants resulted in violations of Rules 1.7(a), 1.11(d), 1.16(a), 3.3(a), 3.4(c), 8.4(a), 8.4(b), 8.4(c), and 8.4(d). Additionally, respon
 
 *1237
 
 dent’s failure to remain current in his bar obligations results in a violation of Rules 1.1(b) and (e).
 
 [13]
 

 Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct.
 
 In re Coffman,
 
 09-1165 (La.9/25/09), 17 So.3d 934. The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances.
 
 In re Smith,
 
 09-1141 (La.9/25/09), 17 So.3d 927.
 

 A review of the court’s prior opinions indicates the court has never addressed the precise misconduct presented in the instant case. However, we find guidance in Standard 5.22 of the ABA’s
 
 Standards for Imposing Latvyer Discipline,
 
 which states “suspension is generally appropriate when a lawyer in an official or governmental position knowingly fails to follow proper procedures or rules, and causes injury or potential injury to a party or to the integrity of the legal process.” Applying this provision, we find the appropriate baseline sanction for respondent’s misconduct is a suspension from the practice of law.
 

 | sSeveral aggravating factors are present, including respondent’s prior discipline for similar misconduct, a pattern of misconduct, multiple offenses, and vulnerability of the victims. We are unable to discern any mitigating factors from the record.
 

 Considering all the facts of this case, we conclude a suspension from the practice of law for one year and one day, which will necessitate an application for reinstatement, is the appropriate sanction under these facts. Accordingly, we will adopt the disciplinary board’s recommendation and suspend respondent from the practice of law for one year and one day.
 

 DECREE
 

 Upon review of the findings and recommendations of the disciplinary board, and considering the record, it is ordered that Kent Anthony Smith, Louisiana Bar Roll number 25506, be suspended from the practice of law for a period of one year and one day. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10. 1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.
 

 *
 

 Chief Justice Kimball not participating in this opinion.
 

 [1]
 

 . Rule 1.7(a) requires that an attorney refrain from simultaneously representing clients whose interests are adverse, or when there is a significant risk that tire representation of one client would be materially limited.
 

 [2]
 

 . Rule 1.16(d) makes the conflict of interest provisions of Rule 1.7 and Rule 1.9 applicable to former and current government officers and employees.
 

 [3]
 

 . Rule 1.16(a) requires that a lawyer timely withdraw from representation when continuing the representation would violate the Rules of Professional Conduct or other law.
 

 [4]
 

 . Rule 3.3(a) requires that a lawyer display candor in the lawyer's dealings with a tribunal.
 

 [5]
 

 . Rule 3.4(c)provides a lawyer shall not knowingly disobey an obligation under the rules of a tribunal.
 

 [6]
 

 . Rule 8.4(a) prohibits a lawyer from violating, or even attempting to violate, the Rules of Professional Conduct. Rule 8.4(b) prohibits a lawyer from committing a criminal act. Rule 8.4(c) prohibits a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation. Rule 8.4(d) prohibits conduct that is prejudicial to the administration of justice.
 

 [7]
 

 . Rule 1.1(b) requires that a lawyer comply with continuing legal education requirements. Rule 1.1(c) requires that an attorney mainlain current bar registration, which requires reporting trust account information and payment of dues, among other requirements.
 

 [8]
 

 . In response to the disciplinary complaint, respondent sent a letter to the ODC in which lie stated, "all of my appearances in court were prior to me accepting employment with the Orleans Parish District attorney's Office, except for April 17, 2008, whereby I appeared with the intention of protecting myself because of the possible conflict issues." Nonetheless, respondent failed to file an answer to the formal charges.
 

 [9]
 

 . See
 
 footnote 8,
 
 supra.
 

 [10]
 

 . In May 2003, the disciplinary board admonished respondent based on his failure to act with reasonable diligence, and his failure to adequately communicate with his clients. In November 2004, this court imposed a fully-deferred one year suspension on respondent based on a finding respondent failed to explain his fee to his client, misrepresented the status of a case, and failed to cooperate with the ODC in its investigation.
 
 In re: Smith,
 
 04-1918 (La. 11/15/04), 887 So.2d 449.
 

 [11]
 

 . The board cited Standard 5.22 ("suspension is generally appropriate when a lawyer in an official or governmental position knowingly fails to follow proper procedures or rules, and causes injury or potential injury to a party or to the integrity of the legal process"), and Standard 6.22 ("suspension is appropriate when a lawyer knowingly violates a court order or rule, and there is injury or potential injury to a client or a party, or interference or potential interference with a legal proceeding”).
 

 [12]
 

 . The board explained that the committee indicated that "[a] possible mitigating factor is the absence of a proven dishonest or selfish motive.” The board notes that the ODC does not have the burden of disproving the existence of a dishonest/selfish motive because respondent has the burden of proof to show defenses or exceptions to the charges of misconduct. Thus, the board determined that the mitigating factor was never actually proven.
 

 [13]
 

 . We note that the records of this court indicate respondent regained eligibility as of October 2, 2009.