ON APPLICATION FOR REINSTATEMENT
PER CURIAM.
|¶ This proceeding arises out of an application for reinstatement filed by petitioner, Kent Anthony Smith, an attorney who is currently suspended from the practice of law in Louisiana.
UNDERLYING FACTS AND PROCEDURAL HISTORY
In March 2008, petitioner began working as an assistant district attorney in the *1165 Orleans Parish District Attorney’s Office. Nevertheless, he continued to represent defendants in criminal cases in Orleans Parish. Furthermore, petitioner was declared ineligible to practice law for failing to remain current in his bar obligations. In March 2010, the court suspended petitioner from the practice of law for one year and one day for the aforementioned misconduct. In re: Smith, 09-2447 (La.3/5/10), 29 So.3d 1232.
On September 26, 2012, petitioner filed an application for reinstatement with the disciplinary board, alleging he has complied with the reinstatement criteria set forth in Supreme Court Rule XIX, § 24(E). The ODC concurred in petitioner’s reinstatement, subject to a two-year period of probation with the following conditions:
1. Petitioner shall fulfill the terms of any payment plans, credit agreements, promissory notes, and payment schedules related to any and all present and future financial obligations;
|⅞2. Petitioner shall submit quarterly reports to the ODC demonstrating his efforts to satisfy his financial obligations. Such reports are due on March 31, June 30, September 30, and December 31 of each year for the duration of the probation period;
3. Petitioner shall acknowledge that any failure to make a good faith effort to satisfy his financial obligations during the period of probation may result in termination of his right to practice law or other discipline pursuant to the Rules for Lawyer Disciplinary Enforcement;
4. Petitioner shall not incur additional debt in significant amounts, with the exception of necessary medical expenses or residential real estate mortgage, without notice to the ODC;
5. Petitioner shall provide a current consumer report to the ODC every six months, as of June 30 and as of December 31, of each year for the duration of the probation period;
6. Petitioner shall submit reports of his professional activities to the ODC on June 30 and December 31 or each year during the term of his conditional reinstatement;
7. Petitioner shall acknowledge that the ODC may hereafter deem it necessary and appropriate to assign a practice monitor to oversee his professional activities;
8. Petitioner shall comply with all bar membership requirements, including maintaining current knowledge in the law by satisfying all mandatory continuing legal education requirements, timely paying all Louisiana State Bar Association membership dues, and paying all Louisiana Attorney Disciplinary Board assessments;
[s9. Petitioner shall provide waivers of confidentiality to the ODC as deemed necessary to enable the ODC to monitor his compliance with the Rules of Professional Conduct and this probation agreement;
10. Petitioner shall promptly respond to all requests of the ODC;
11. Petitioner shall acknowledge that any violation of the Rules of Professional Conduct and/or this probation agreement may result in the revocation of the right to practice law in this state and/or such other action as may be appropriate under the Rules of Professional Conduct and Supreme Court Rule XIX;
12. Petitioner shall promptly inform the ODC of any change of address *1166 or employment during the period of probation; and
13. Petitioner shall, within ten days of the expiration of the probation period, submit to the ODC an affidavit attesting to his compliance with the conditions of probation and payment of all costs of these proceedings.
After reviewing the matter, the disciplinary board’s adjudicative committee chair recommended that the petition for reinstatement be granted.
DISCUSSION
Petitioner has served the one year and one day suspension imposed by this court in 2010, and no objections were received to his application for reinstatement. Based upon the record before us, we find petitioner has met his burden of proving that he is entitled to be reinstated to the practice of law. Nevertheless, we find further precautions are warranted to insure that the public will be protected upon petitioner’s return to practice. See Supreme Court Rule XIX, § 24(J). Accordingly, we will order that petitioner be conditionally reinstated, subject to a two-year period of probation governed by the conditions set forth above. Should petitioner fail to comply with these conditions, or should he commit any |4misconduct during the period of probation, his conditional right to practice may be terminated immediately or he may be subjected to other discipline pursuant to the Rules for Lawyer Disciplinary Enforcement, as appropriate.
DECREE
Upon review of the recommendation of the disciplinary board’s adjudicative committee chair, and considering the record, it is ordered that Kent Anthony Smith, Louisiana Bar Roll number 25506, be immediately reinstated to the practice of law in Louisiana, subject to the conditions set forth herein. All costs of these proceedings are assessed against petitioner.