*154 ATTORNEY DISCIPLINARY PROCEEDINGS
hPER CURIAM.*
This disciplinary matter arises from a petition for consent discipline filed jointly by respondent, Edward M. Nichols, Jr., and the Office of Disciplinary Counsel (“ODC”) following the institution of formal charges.
UNDERLYING FACTS
Cathy Miller Benoit retained respondent in May 1996 to represent her in connection with a contractual dispute and a related redhibition claim. Although respondent timely filed suit on Ms. Benoit’s behalf, he failed to make a request for arbitration, which was apparently required under the contract. This omission led to the dismissal of Ms. Benoit’s contractual claim in March 1998. Thereafter, respondent failed to take any action to move Ms. Benoit’s other matters forward and failed to keep her reasonably informed about the status of her legal matters.
DISCIPLINARY PROCEEDINGS

Formal Charges

After investigation, the ODC filed one count of formal charges against respondent, alleging he violated Rules 1.1(a) (failure to provide competent | ¡.representation to a client), 1.3 (failure to act with diligence and promptness in representing a client), and 1.4(a) (failure to communicate with a client) of the Rules of Professional Conduct.
Prior to a formal hearing in the matter, respondent and the ODC filed a joint petition for consent discipline. Respondent admits that he failed to represent Ms. Benoit competently, neglected her legal matter, and failed to communicate with her, in violation of Rules 1.1(a), 1.3, and 1.4(a) of the Rules of Professional Conduct. For this misconduct, respondent and the ODC proposed that respondent be suspended for six months, deferred, subject to completion of one year of probation.

Disciplinary Board Recommendation

In its report, the disciplinary board-found that respondent violated a duty owed to his client and the legal system, and that his ‘omissions, while negligent, caused actual harm to his client. The board noted the presence of only one aggravating factor, namely substantial experience in the practice of law (admitted 1986), but found several mitigating factors, including the absence of a prior disciplinary record, the absence of a dishonest or selfish motive, and a cooperative attitude toward the proceedings. Relying on the ABA’s Standards for Imposing Lawyer Sanctions[1] and on jurisprudence from this court, the board concluded that the proposed consent discipline is appropriate to address respondent’s misconduct.
Accordingly, the board recommended that the proposed consent discipline be accepted and that respondent be suspend *155 ed from the practice of law for six months, deferred, subject to completion of one year of probation.
1SNeither respondent nor the ODC objected to the board’s recommendation.
DISCUSSION
Arguably, respondent’s failure to request arbitration, which resulted in the dismissal of his client’s contractual claim, may constitute legal malpractice, but does not necessarily involve ethical misconduct. However, respondent has admitted that he failed to pursue his client’s redhibition claim and failed to communicate with his client, causing her actual harm. Under these circumstances, we agree he has violated the professional rules as charged.
The case most factually similar to the instant matter is In re: Andrepont, 98-0346 (La.3/13/98), 712 So.2d 862, in which we. accepted consent discipline consisting of a ninety-day suspension for an attorney who neglected a legal matter. Given the mitigating factors in this case, including respondent’s lack of a prior disciplinary record, we find that a six-month suspension from the practice of law, fully deferred and subject to respondent’s successful completion of a year of probation, is appropriate under the circumstances.
Accordingly, we will accept the joint petition for consent discipline.
DECREE
Upon review of the findings and recommendation of the disciplinary board, and considering the record filed herein, it is ordered that Edward M. Nichols, Jr. be suspended from the practice of law for a period of six months, deferred, subject to respondent’s completion of one year of probation. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, |4§ 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

 Kimball, J., not on panel. Rule IV, Part II, § 3.

. Standard 4.42 suggests that suspension is appropriate when a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client, or when a lawyer engages in a pattern of neglect and causes injury or potential injury to a client.