*567 ATTORNEY DISCIPLINARY PROCEEDINGS
hPER CURIAM.
This disciplinary proceeding arises from a petition for consent discipline filed by respondent, Robert F. DeJean, Jr., an attorney licensed to practice law in the State of Louisiana. The Office of Disciplinary Counsel (“ODC”) concurred in the proposed consent discipline, and the disciplinary board recommended the petition be accepted.
UNDERLYING FACTS
In June 1996, Lionel Brasseaux retained respondent to assist him in a divorce and community property proceeding. Although respondent completed the divorce, he failed to finish the community property matter in a timely fashion. Due to Mr. Brasseaux’s declining health, his daughter obtained power of attorney in 1999 so that she could assist in his legal affairs. Neither Mr. Brasseaux’s daughter, nor her attorney, Gary Peltier, were able to communicate with respondent. Ultimately, Mr. Peltier completed the community property matter on behalf of Mr. Bras-seaux.
After a complaint in the matter was filed, the ODC sent a request for information regarding the allegations of misconduct to respondent. He failed to respond, requiring the ODC to issue a subpoena compelling his appearance for a deposition.
I ¡.DISCIPLINARY PROCEEDINGS

Formal Charges

After investigation, the ODC filed one count of formal charges against respondent, alleging a violation of Rules 1.3 (neglect), 1.4 (failure to communicate), 3.2 (failure to expedite litigation), 8.1(c) (failure to cooperate in a disciplinary investigation), and 8.4(g) (failure to cooperate with the ODC) of the Rules of Professional Conduct.
*568 After the filing of the formal charges, respondent submitted a petition for consent discipline, admitting to the allegations of misconduct contained in the formal charges. In mitigation, respondent stated his failure to communicate with Mr. Bras-seaux was due in part because he did not know where Mr. Brasseaux was hospitalized.[1] Respondent also stated that while his failure to return unearned fees was not alleged in the complaint, he agreed to submit to resolution of the matter. Finally, he apologized for failing to respond to the ODC’s request for information and agreed to pay any expenses incurred by the ODC due to his failure to respond.
For his misconduct, respondent proposed that he be suspended from the practice of law for one year, deferred in full, subject to a six-month period of supervised probation with the following conditions:
1. Respondent shall establish and maintain an effective calendaring system and method to communicate with clients and shall obtain the assistance of the Louisiana State Bar Association (“LSBA”) Loss Prevention Counsel and the LSBA’s Practice Assistance Counsel in the creation of a proper law office management program;
2. Respondent shall enroll and attend one full day of Ethics School administered by the LSBA’s Practice Assistance and Improvement Committee;
|a3. Respondent shall maintain current in the law during his period of actual suspension by satisfying all Mandatory Continuing Legal Education (“MCLE”) requirements in a timely fashion, pay all LSBA dues and pay all disciplinary assessments imposed by this court;[2]
4. Respondent agrees that any violation of any terms or conditions set forth shall result in a summary revocation of probation and the immediate imposition of the remaining period of suspension that had been deferred;
5. Respondent shall either return unearned fees or voluntarily participate in the LSBA Fee Dispute Resolution Program regarding fees charged by him; and
6. Respondent shall respond to all reasonable requests of his probation monitor.
The ODC filed a concurrence and memorandum in support of the proposed discipline.

Disciplinary Board Recommendation

The disciplinary board concluded respondent knowingly and intentionally violated the professional rules as charged and, therefore, caused actual injury to his client, the profession, and the legal system. As evidence, it noted respondent’s neglect and failure to communicate unnecessarily delayed his client’s legal matter, and his failure to cooperate caused the ODC to incur additional expense and experience further delays. In determining whether the proposed consent discipline should be accepted, the board relied on Standard 4.42 of the ABA’s Standards for Imposing Lawyer Sanctions[3] and jurisprudence from *569 this court. It recognized | respondent’s prior disciplinary record[4] as the only aggravating factor and found no mitigating factors.
Accordingly, the board recommended the petition for consent discipline be accepted. Pursuant to that petition, it recommended respondent be suspended from the practice of law for a period of one year, deferred, subject to a six-month period of supervised probation.
Neither respondent nor the ODC filed an objection in this court to the board’s recommendation.
DISCUSSION
Although this matter arises from a petition for consent discipline, Supreme Court Rule XIX, § 20(B) provides that the extent of discipline to be imposed is subject to review. In determining an appropriate sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
The rule violations in this case, as admitted by respondent, principally involve neglect of a legal matter, failure to communicate, and failure to cooperate with the ODC. While respondent’s neglect and failure to communicate with his client delayed his client’s legal matter, there is no evidence in the record his actions caused his client any permanent harm. Respondent has agreed to take steps to improve his ^calendaring system to avoid such problems in the future. With regard to respondent’s failure to cooperate with the ODC, it is disturbing that respondent was admonished on two previous occasions for similar conduct. However, respondent has expressed remorse for his actions, as evidenced by his apology to the ODC and his agreement to pay any costs incurred by the ODC due to his delay.
Having reviewed the record in its entirety, we conclude the fully deferred suspension, combined with probation, is an appropriate sanction which will deter any future misconduct by respondent and protect the public. Accordingly, we will accept the petition for consent discipline.
DECREE
Upon review of the findings and recommendation of the disciplinary board, and considering the record filed herein, it is ordered that Robert F. Dejean, Jr. be suspended from the practice of law in the State of Louisiana for one year, deferred in full, subject to a six-month period of supervised probation with conditions, as set forth in the petition for consent discipline. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. Respondent stated he mistakenly believed Mr. Brasseaux was hospitalized in the Veterans Administration Hospital in Alexandria, when he was in fact in a hospital in Opelou-sas.

. With regard to the third condition, respondent agrees to comply with his bar requirements during his "actual suspension.” Because the proposed sanction does not include service of an actual period of suspension, we interpret this provision to mean respondent agrees to comply with his bar requirements during his probationary period.

.Standard 4.4 provides "[sjuspension is generally appropriate when a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client; *569 or lawyer engages in a pattern of neglect and causes injury or potential injury to a client.”

. Respondent's disciplinary record consists of two admonitions issues in 1994 for failure to cooperate with the ODC.