1PER CURIAM.
This matter arises from a petition for consent discipline filed by the Office of respondent, Linda A. Mitchell, an attorney licensed to practice law in the State of Louisiana. The Office of Disciplinary Counsel (“ODC”) concurs in the proposed consent discipline of a fully deferred six month suspension, subject to a one year period of probation with conditions.
UNDERLYING FACTS
These proceedings are based on two separate files investigated by the ODC. The facts, as stipulated to by respondent and the ODC, are as follows:

Investigative File No. 13212

Denise Albert retained respondent to represent her and her minor son in a personal injury matter stemming from a vehicular accident which took place in September, 1997. While the parties agreed respondent was to be paid on a contingency fee basis, no written agreement was executed providing for such. Respondent filed suit on behalf of her clients, but subsequently took little or no action on their behalf. Ms. Albert made several requests for information regarding the status of the legal matter, but to no avail.
Ms. Albert filed a complaint with the ODC advising of respondent’s misconduct. Respondent neglected to answer and, as a result, the ODC issued a Lsubpoena compelling her cooperation. Ms. Albert’s case was finally resolved with a judgment in her favor in April, 2002, after the instant consent proceedings were instituted.

Investigative File No. 13558

Alecha Harris retained respondent to represent her and her minor child in a personal injury matter stemming from an accident which took place in December, 1995. While respondent instituted suit on behalf of her clients, she subsequently took little or no action on their behalf. Eventually, the suit was dismissed for abandonment due to respondent’s failure to pursue the case. At the same time, respondent neglected to respond to Ms. Harris’ numerous requests for information regarding the status of her legal matter.
Ms. Harris filed a complaint with the ODC advising of respondent’s misconduct. "When respondent neglected to respond to the complaint, the ODC issued a subpoena compelling her cooperation.
DISCIPLINARY PROCEEDINGS

Petition for Consent Discipline

Prior to the institution of formal charges by the ODC, respondent filed a joint petition for consent discipline conceding her actions violated the Rules of Professional Conduct, namely, Rules 1.3 (lack of diligence), 1.4(a) (failure to communicate), 1.5 (failure to have a written contingency fee contract), 3.2 (failure to expedite litigation) and 8.1(c) (failure to cooperate in a disciplinary investigation). In the accompanying stipulation of facts, respondent asserted in mitigation that her actions were unintentional and stemmed from her heavy workload as a sole practitioner, an ^insufficient support staff and medical problems.[1] For her misconduct, respondent proposed she be suspended from the practice of law for a period of six months, fully deferred, subject to a one year period of probation, subject to conditions.[2]
*903 The ODC filed a concurrence to and memorandum in support of the petition for consent discipline.

Recommendation of the Disciplinary Board

Because the parties stipulated to the facts and misconduct, the board’s sole focus was whether the proposed discipline was an appropriate sanction for respondent’s misconduct. The board found that respondent negligently violated duties owed to her clients, resulting in actual injury insofar as she unnecessarily delayed resolution of Ms. Albert’s legal matter and caused Ms. Harris’ civil suit to be dismissed. As to respondent’s failure to cooperate, it concluded her inaction was ^knowing and intentional, resulting in actual injury to the profession insofar as she caused undue delays and burdens on the disciplinary system.
The board recognized multiple offenses as the only aggravating factor. In mitigation, it noted lack of a prior disciplinary record, interim rehabilitation and personal problems. Additionally, the board relied on the ABA’s Standards for Imposing Lawyer Sanctions[3] and jurisprudence from this court. Accordingly, the board recommended the proposed consent discipline be adopted and that respondent be suspended from the practice of law for six months, fully deferred, subject to a one year period of probation with the conditions cited in the consent petition.
Neither respondent nor the ODC objected to the disciplinary board’s recommendation.
DISCUSSION
Although this matter arises from a petition for consent discipline, Supreme Court Rule XIX, § 20(B) provides that the extent of discipline to be imposed is subject to review. In determining an appropriate sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, *904 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
IsThe rule violations in this case, as admitted by respondent, principally involve neglect of a legal matter, failure to expedite litigation, failure to communicate and failure to cooperate with the ODC. While such conduct falls well below the standards expected of Louisiana attorneys, it appears many of respondent’s problems stemmed from poor practice management skills rather than a dishonest intent. Additionally, significant mitigating factors are present, including respondent’s lack of a prior disciplinary record and personal problems.
The proposed consent discipline is consistent with the sanctions imposed by this court under similar facts. See, e.g., In re: Nichols, 00-0102 (La.2/11/00), 752 So.2d 153 (six month suspension deferred in full, subject to one year probation imposed on an attorney with no prior disciplinary record for neglect of a legal matter, failure to expedite litigation, failure to communicate and failure to return an unearned fee); In re: Dejean, 01-0150 (La.3/16/01), 782 So.2d 566 (one year suspension, deferred in full, subject to a one year probation imposed by consent on an attorney for neglect of a legal matter, failure to communicate and failure to cooperate). Given the facts of this case, we believe a deferred suspension, couple with a period of supervised probation with conditions, will address respondent’s misconduct and protect the public, while at the same time allowing her to address the deficiencies in her practice. Accordingly, we will accept the petition for consent discipline.
DECREE
Upon review of the findings and recommendation of the disciplinary board, and considering the record filed herein, it is ordered that Linda A. Mitchell be suspended from the practice of law in the State of Louisiana for six months, deferred in full, subject to a one year period of supervised probation with conditions, as set forth in the petition for consent discipline. All costs and expenses in the matter are assessed | (¡against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.
TRAYLOR, J., would reject consent discipline.

. Respondent neglected to provide details of her alleged medical problems.

. Respondent proposed the following conditions of probation:
*903 1. Respondent shall respond to all reasonable requests of her probation monitor.
2. Respondent shall refrain from any violations of the Rules of Professional Conduct.
3. Respondent shall establish and maintain an effective calendaring system and method to communicate with clients and shall obtain the assistance of the Loss Prevention Counsel and Practice Assistance Counsel of the Louisiana State Bar Association ("LSBA”) in the creation of a proper law office management program.
4. Respondent shall maintain current in the law during her period of probation by satisfying all annual mandatory continuing legal education requirements of the LSBA in a timely fashion, paying all LSBA bar dues, and paying all Louisiana Attorney Disciplinary Board disciplinary assessments imposed by the Louisiana State Supreme Court.
5. Respondent shall enroll in and attend one full day of ethics school administered by the LSBA's Practice Assistance and Improvement Committee.
6. Respondent agrees that any violation of any terms or conditions set forth shall result in a summary revocation of probation and the immediate imposition of the remaining period of her suspension that had been deferred.
7. Respondent will assist her clients in resolving their cases or will provide them with sufficient information so they can retain new counsel to assist them.

. Standard 4.42 provides suspension is generally appropriate when a lawyer fails to perform services for a client or engages in a pattern of neglect, and causes injury or potential injury to a client; Standard 7.2 provides suspension is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed to the profession, and causes serious or potentially serious injury to a client, the public, or the legal system.