| T ATTORNEY DISCIPLINARY PROCEEDINGS
 

 PER CURIAM.
 
 *
 

 This disciplinary matter arises from formal charges filed by the Office of Disci
 
 *605
 
 plinary Counsel (“ODC”) against respondent, Edward M. Nichols, Jr., an attorney licensed to practice law in Louisiana.
 

 UNDERLYING FACTS
 

 In February 2008, LaChaunté August retained respondent to represent her in a divorce and child custody matter. On March 7, 2003, respondent filed a petition for divorce on behalf of Ms. August in the 14th Judicial District Court for the Parish of Calcasieu. The petition included a request for joint custody of the minor children, with Ms. August being named the domiciliary parent and Mr. August having reasonable visitation rights “as per the joint custody plan which is attached to this Petition and made a part of this Petition.”
 

 Ms. August’s estranged husband, Phillip August, was personally served with the petition for divorce on March 11, 2003. However, respondent did not file the rule for divorce until December 2004, and a judgment of divorce was not signed by the court until March 28, 2005.
 

 While the divorce was pending, Ms. August attempted to contact respondent on several occasions to discuss her case; however, she was unable to speak with ^respondent, who at that time was preoccupied with the care of his elderly parents.
 
 [1]
 
 Consequently, respondent did not advise Ms. August why her divorce was not finalized in the fall of 2003, following the passage of 180 days from the date of the service of the petition for divorce on Mr. August. Moreover, unbeknownst to Ms. August, a local court rule in Calcasieu Parish required the parties to attend a “Successful Partners in Parenting” (SPIP) class prior to the granting of a judgment for divorce.
 
 [2]
 
 It was not until the beginning of 2005 that Ms. August received notification from respondent advising that she was required to attend the parenting class before her divorce could be finalized. Ms. August successfully completed the SPIP class in February 2005.
 

 As part of the underlying family matter, there was a support proceeding before a hearing officer on November 18, 2003. The hearing officer made recommendations regarding child support and other issues, and further noted that although two
 
 *606
 
 children were born during Ms. August’s marriage to Mr. August, the parties were in agreement that the older child is not Mr. August’s biological child. The hearing officer’s ^recommendations explicitly stated respondent “will cover this in judgment.” However, no judgment was ever filed implementing the hearing officer’s recommendations, which were adopted by the trial court on December 9, 2003. Respondent subsequently gave a sworn statement to the ODC in which he admitted he failed to file the judgment required by the hearing officer.
 

 In 2006, after the divorce was finalized, Ms. August returned to school in Texas, leaving her two minor children in the care of her parents in the Lake Charles area. During Ms. August’s absence, Mr. August went with the sheriffs department to the home of Ms. August’s parents and took physical custody of the youngest child. Ms. August then reviewed her divorce papers and realized respondent had failed to obtain any orders addressing custody matters. During his sworn statement, respondent admitted he could have specifically stated the agreed-upon custody arrangements in the divorce judgment, and that had he done so, it would have likely prevented Mr. August from taking the minor child. Ms. August was ultimately forced to retain another lawyer to finalize the custody issues on her behalf.
 

 DISCIPLINARY PROCEEDINGS
 

 In February 2007, Ms. August filed a complaint against respondent with the ODC. In November 2008, the ODC filed one count of formal charges against respondent, alleging his conduct as set forth above violated the following provisions of the Rules of Professional Conduct: Rules 1.2 (scope of the representation), 1.3 (failure to act with reasonable diligence and promptness in representing a client), 1.4 (failure to communicate with a client), 3.2 (failure to make reasonable efforts to expedite litigation), and 3.4(c) (knowing disobedience of an obligation under the |4rules of a tribunal). Respondent answered the formal charges and denied any misconduct. This matter then proceeded to a hearing on the merits.
 

 Hearing Committee Report
 

 After considering the evidence and testimony presented at the hearing, the hearing committee made factual findings, including the following:
 

 Respondent filed a petition for divorce on behalf of Ms. August on March 7, 2003. Mr. August was served with the petition on March 11, 2003. The rule for divorce was not filed until December 7, 2004. After Ms. August completed the parenting course required by the court on February 21, 2005, the divorce was granted on March 28, 2005. Respondent believed local court rules at the time did not allow the filing of the rule for divorce prior to completion of the parenting class.
 
 [3]
 

 The hearing on the rule for divorce was originally scheduled for January 3, 2005. Respondent did not appear for his client because he believed neither party had completed the parenting class. Respondent believes he notified the court and Ms. August by telephone that he would not attend the hearing.
 

 Respondent believes he mailed Ms. August a copy of the trial court’s SPIP order dated March 5, 2003. He readily admitted the order would not necessarily put Ms. August on notice that she could not obtain a divorce until she attended the parenting
 
 *607
 
 class. Although respondent testified Ms. August was required to take the class in order to obtain a divorce, he admitted he had nothing in writing to confirm that conversation.
 

 |fiThe judgment of the hearing officer recognized one of Ms. August’s children was not Mr. August’s child; the order states respondent “will cover this in judgment.” The judgment was to include that provision along with a provision for joint custody, with Ms. August as the domiciliary parent. However, respondent admitted he never filed a judgment addressing the custody matters. He testified he “overlooked it” and “thought [it] had been done.” He had no explanation why he did not prepare the appropriate orders in Ms. August’s case. Additionally, the facts show Louisiana law presumes both children were Mr. August’s natural children. The prescriptive period for filing an action to disavow paternity had already passed at the time respondent undertook the representation of Ms. August. Thus, Ms. August was legally entitled to support from Mr. August for both children. Nevertheless, respondent made no effort to obtain support for the older child, but acquiesced to support for only the younger child, contrary to the best interests of Ms. August.
 

 Respondent did not realize he had failed to obtain resolution of the custody matter in the final judgment of divorce until November 2006, when Mr. August took his child from the home of Ms. August’s mother while Ms. August was attending school out of state. Ms. August sought help from Southwest Legal Services, and only then learned custody provisions had not been made. Respondent admitted had he filed a judgment reflecting the custody arrangement, Ms. August would most likely have been able to use that judgment in court to reestablish physical custody of her child. Because respondent had not obtained the custody order, Ms. August was unable to see her son from November 2006 to July 2007.
 

 Based on these findings, the committee determined respondent violated the Rules of Professional Conduct as charged, except the committee did not find any violation of Rule 3.4(c), because respondent’s failure to abide by court rules was | (¡merely negligent. The committee found respondent neglected Ms. August’s legal matter and failed to adequately communicate with Ms. August, whom the committee characterized as “a credible witness” with “no motive not to be truthful.” The committee further noted respondent did not obtain an uncontested judgment of divorce for his client for more than two years, and there was no reason the matter could not have been concluded in a timely fashion. Indeed, the divorce could have been obtained after 180 days from the date of service of the petition on Mr. August had Ms. August known of the requirement to attend the SPIP class.
 

 The committee determined respondent violated duties owed to his client. His misconduct was negligent but caused serious harm to Ms. August, who did not obtain a divorce in a timely fashion and lost physical custody of her son for a period of time. The baseline sanction for respondent’s misconduct is suspension.
 

 The committee found the following mitigating factors present: absence of a dishonest or selfish motive and a cooperative attitude toward the disciplinary proceedings.
 
 [4]
 
 The committee found the following
 
 *608
 
 aggravating factors: prior disciplinary offenses,
 
 [5]
 
 refusal to acknowledge the wrongful nature of the conduct, vulnerability of the victim, and substantial experience in the practice of law (admitted 1986).
 

 |7Considering these circumstances and the prior jurisprudence of this court, the committee recommended respondent be suspended from the practice of law for one year, with all but six months deferred. The committee further recommended respondent be placed on supervised probation for one year with a monitor whose practice concentrates on family law.
 

 Both respondent and the ODC filed objections to the hearing committee’s report. The ODC objected solely to the committee’s failure to find a violation by respondent of Rule 3.4(c) of the Rules of Professional Conduct. Respondent objected to the entirety of the committee’s report and to its recommended sanction.
 

 Disciplinary Board Recommendation
 

 After review, the disciplinary board found the hearing committee’s findings of fact are not manifestly erroneous and that the committee properly applied the Rules of Professional Conduct, as follows:
 

 Rule 1.2:
 
 Rule 1.2 requires a lawyer to abide by a client’s decisions regarding the objectives of the representation and to consult with the client as to the means by which the objectives are to be pursued. Here, Ms. August retained re-spondent to represent her in a divorce, custody, and child support matter. Through respondent’s negligence, he failed to obtain a custody judgment in Ms. August’s favor. As a result, Ms. August’s ex-husband was able to take custody of their son and secrete him from Ms. August for several months. Therefore, respondent failed to comply with the objectives of the representation, in violation of Rule 1.2.
 

 Rule 1.3:
 
 Rule 1.3 requires a lawyer to act with reasonable diligence and promptness when representing a client. Here, respondent failed to obtain a custody judgment for Ms. August. He also failed to finalize Ms. August’s divorce in a timely |sfashion. The petition for divorce was filed on March 7, 2003. Respondent did not file the rule to finalize the divorce until December 7, 2004. Therefore, respondent waited significantly longer than the requisite 180 days to finalize the divorce. Respondent attributes this delay to Ms. August’s failure to take the parenting class and to difficulty in serving Mr. August. First, Ms. August claims she was not aware she had to take the class until February 2005. Respondent and his secretary testified they informed Ms. August about the parenting class at the time the petition was filed. However, the committee found Ms. August’s testimony to be credible, and there is nothing in the record that suggests this finding is manifestly erroneous. Second, Mr. August was served with the
 
 *609
 
 petition for divorce on March 11, 2003, just a few days after it was filed. Thus, there was no difficulty serving Mr. August with the petition for divorce. Respondent did not experience difficulty in serving Mr. August until he filed the rule to finalize the divorce, which was after an excessive period of time had passed from the filing of the petition. Thus, the delay in seeking the final divorce cannot be attributed to any difficulty in serving Mr. August.
 

 Rule l.Jh
 
 Generally, Rule 1.4 requires a lawyer to maintain adequate communication with his clients. Here, as discussed above, respondent failed to adequately communicate with Ms. August about the requirement for her to attend the parenting class as a necessary condition of obtaining the final divorce. In fact, the record shows respondent failed to adequately communicate with Ms. August in general. Therefore, respondent’s conduct violated Rule 1.4.
 

 Rule 3.2:
 
 Rule 3.2 requires a lawyer to make reasonable efforts to expedite litigation consistent with the interests of the client. Here, as discussed above, respondent failed to expedite Ms. August’s divorce. Had respondent diligently executed his duties owed to his client, he could have sought the final divorce much | flsooner than December 7, 2004. Therefore, respondent failed to expedite Ms. August’s divorce, in violation of Rule 3.2.
 

 Rule 3.U(e):
 
 Rule 3.4(c) forbids a lawyer from knowingly disobeying an obligation under the rules of a tribunal. The ODC argues respondent violated this rule by failing to file a judgment on the custody and paternity issues as directed by the hearing officer. However, the hearing committee found respondent’s failure to file the judgment was the result of negligence, and thus he did not violate. Rule 3.4(c), which requires knowing conduct. The board found there is nothing in the record which suggests this finding is manifestly erroneous. Respondent testified he should have prepared the judgment, but “overlooked” it. Because respondent’s conduct does not meet the “knowing” mental element required by Rule 3.4(c), the committee correctly concluded he did not violate this rule.
 

 The board determined respondent negligently violated duties owed to his client and the legal system, causing significant actual harm to his client. Because of respondent’s failure to adequately communicate with Ms. August, a rule for contempt was issued for her failure to attend the parenting class. Furthermore, respondent’s failure to obtain the custody judgment allowed Mr. August to secrete Ms. August’s son for over six months. The baseline sanction for respondent’s misconduct is suspension.
 

 In aggravation, the board found respondent has a prior disciplinary record in
 
 Nichols I
 
 and substantial experience in the practice of law. In mitigation, the board found the following factors: absence of a dishonest or selfish motive, personal or emotional problems, cooperative attitude toward the disciplinary proceedings, and remoteness of prior offenses.
 

 | mTurning to the issue of an appropriate sanction, the board acknowledged respondent’s misconduct in this case resulted in “significant harm.” The board also noted respondent has a prior disciplinary record for similar misconduct. Nevertheless, the board suggested a period of actual suspension, as recommended by the committee, “does not appear to be warranted,” and a fully deferred suspension “should serve the goals of the disciplinary system and ensure Respondent learns the skills necessary to effectively manage his law practice.”
 

 Based on this reasoning, the board recommended respondent be suspended from
 
 *610
 
 the practice of law for one year, fully deferred, subject to a two-year period of probation with conditions.
 

 Both respondent and the ODC filed objections to the disciplinary board’s recommendation. Pursuant to Supreme Court Rule XIX, § 11(G)(1)(b), the case was scheduled on our docket. Prior to oral argument, the parties filed a joint motion seeking to waive oral argument. We granted the motion and now consider the case based upon the record.
 

 DISCUSSION
 

 Bar disciplinary matters fall within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence.
 
 In re: Banks,
 
 09-1212 (La.10/2/09), 18 So.3d 57.
 

 Based upon the evidence in the record, respondent failed to expedite his client’s divorce, failed to obtain a custody judgment, and failed to communicate withj^his client. These facts support a determination that respondent violated the Rules of Professional Conduct as found by the hearing committee and disciplinary board.
 

 Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct.
 
 Louisiana State Bar Ass’n v. Reis,
 
 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances.
 
 Louisiana State Bar Ass’n v. Whittington,
 
 459 So.2d 520 (La.1984).
 

 Respondent’s misconduct was negligent but caused significant actual harm to his client. The applicable baseline sanction in this matter is suspension.
 

 We find the following aggravating factors are present: prior disciplinary offenses, refusal to acknowledge the wrongful nature of the conduct, vulnerability of the victim, and substantial experience in the practice of law. The mitigating factors present are absence of a dishonest or selfish motive, personal or emotional problems, and a cooperative attitude toward the disciplinary proceedings.
 

 Turning to the sanction issue, we cannot agree with the disciplinary board this case does not call for a period of actual suspension. Respondent caused substantial and significant harm to Ms. August by failing to obtain a judgment governing the custody of her children and by failing to inform her for two years of the requirement she attend a parenting class, which delayed her divorce. Moreover, respondent has a prior disciplinary record for similar misconduct. Respondent’s infractions in
 
 Nichols I
 
 resulted in a fully deferred suspension with probation, the same sanction the |12board recommends in this matter. Considering this is respondent’s second appearance before us, and with his pattern of neglect and failure to communicate having such grave consequences for his client, we find the imposition of another fully deferred suspension is not warranted.
 

 Accordingly, we will adopt the hearing committee’s recommendation of discipline and suspend respondent from the practice of law for one year, with all but six months deferred, followed by a one-year period of supervised probation.
 

 
 *611
 
 DECREE
 

 Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record and the briefs filed by the parties, it is ordered that Edward M. Nichols, Jr., Louisiana Bar Roll number 17727, be and he hereby is suspended from the practice of law for one year, with all but six months deferred, followed by a one-year period of supervised probation. The probationary period shall commence from the date respondent, the ODC, and the probation monitor execute a formal probation plan. Any failure of respondent to comply with the conditions of probation, or any misconduct during the probationary period, may be grounds for making the deferred portion of the suspension executory, or imposing additional discipline, as appropriate. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.
 

 *
 

 Retired Judge Philip C. Ciaccio, assigned as Justice ad hoc, sitting for Chief Justice Catherine D. Kimball.
 

 [1]
 

 . Respondent's mother was in a nursing home because she had broken her hip and was recovering from knee replacement surgery. In May 2003, respondent's father sustained a broken shoulder in a fall, and he was placed in the nursing home with respondent's mother. Respondent’s father ultimately died in September 2003. Shortly before his father’s death, respondent moved his mother from the nursing home into his own home. He hired sitters to stay with her during the day, and he stayed with her himself in the evenings.
 

 [2]
 

 . See 14⅛ JDC Local Rule 9, which provides:
 

 In all cases where the custody of minor children shall be the subject of any order of the Court, the parties shall be required to attend the Successful Partners in Parenting course prior to the granting of the judgment of divorce. Any party who refuses to comply with the order of the Court to attend the counseling sessions shall be subject to sanctions for contempt of court. An order to attend the Successful Partners in Parenting course shall be attached to the initial pleading. See Appendix B.
 

 In the case of the Augusts, the trial court rendered an order on March 5, 2003 directing each of them to attend the SPIP class. The order stated that each parent was required to register to attend the class within fifteen days of the filing of the initial petition or upon service of the petition; that each parent must attend the class within 30 days of registering; and that failure to do so may result in a contempt order being issued.
 

 [3]
 

 . Respondent's testimony was to this effect at the formal charge hearing. However, he subsequently admitted the local court rule does not state that the parenting class must be completed prior to the filing of the rule for divorce.
 

 [4]
 

 . The committee acknowledged that during the time he represented Ms. August, respondent was caring for his elderly parents and ultimately suffered the death of his father. However, the committee pointed out that by respondent's own admission, he continued to
 
 *608
 
 practice law during this time frame and performed at least some work on behalf of Ms. August, even though he may have had his mind on other matters. Thus, the committee apparently gave no weight to the mitigating factor of personal problems.
 

 [5]
 

 . In
 
 In re: Nichols,
 
 00-0102 (La.2/11/00), 752 So.2d 153
 
 ("Nichols
 
 I”), respondent was retained to represent a client in connection with a contractual dispute and a related redhibition claim. Although respondent timely filed his client’s suit, he failed to request arbitration, which was required under the contract, and as a result the contractual claim was dismissed. Thereafter, respondent failed to take any action to move his client's other matters forward and failed to keep her informed about the status of her legal matters. This court subsequently accepted a petition for consent discipline and imposed a fully deferred six-month suspension, subject to probation, for respondent's violation of Rules 1.1(a) (competence), 1.3, and 1.4 of the Rules of Professional Conduct.