# STATE OF LOUISIANA

## COURT OF APPEAL, THIRD CIRCUIT

### 05-1355

STATE OF LOUISIANA

VERSUS

KENNETH E. SMITH

**\*\*\*\*\*\*\*\*\*\***

**APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 13977-03
HONORABLE DAVID KENT SAVOIE, DISTRICT JUDGE**

**\*\*\*\*\*\*\*\*\*\***

**JAMES T. GENOVESE
JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Sylvia R. Cooks, Billy H. Ezell, and James T. Genovese, Judges.

**APPEAL DISMISSED; REMANDED WITH INSTRUCTIONS.**

Christopher A. Aberle
Louisiana Appellate Project
Post Office Box 8583
Mandeville, LA 70470-8583
(985) 871-4084
COUNSEL FOR DEFENDANT/APPELLANT:
    Kenneth E. Smith


John F. DeRosier
District Attorney – Fourteenth Judicial District
ADA Carla S. Sigler
Post Office Box 3206
Lake Charles, LA 70602
(337) 437-3400
COUNSEL FOR PLAINTIFF/APPELLEE:
    State of Louisiana

**GENOVESE, Judge.**

On May 4, 2004, Defendant, Kenneth E. Smith (Smith), was convicted of armed robbery with a firearm in violation of La.R.S. 14:64 and La.R.S. 14:64.3. On September 3, 2004, Smith was sentenced to serve thirty years at hard labor without benefit of probation, parole, or suspension of sentence for armed robbery, and to five years at hard labor without benefit of probation, parole, or suspension of sentence for armed robbery with a firearm, with the two sentences to run consecutively.

Smith filed a motion for new trial on September 21, 2004, and a hearing on the motion was held on October 15, 2004. At that hearing, the trial court dismissed part of the motion based on objections by the State, and Smith was given thirty days to amend the remainder of the motion to comply with La.Code Crim.P. art. 894. An amended motion for new trial was filed on November 9, 2004, and eventually denied on April 6, 2005. The record indicated that on April 18, 2005 Smith filed a motion to reconsider sentence contending his sentence should be reduced to fifteen years. The record also indicates that the trial court signed the order denying the motion to reconsider sentence on April 14, 2005, though the filing date is listed as April 18, 2005. Smith then filed a motion and order for appeal on April 18, 2005, which the trial court granted.

Under La.Code Crim.P. art. 914, a motion for appeal must be made no later than thirty days after either the rendition of the judgment from which the appeal is taken, or the ruling on a motion to reconsider sentence filed pursuant to La.Code Crim.P. art. 881.1. Smith failed to file his motion for appeal within thirty days following sentencing, but did file his motion for appeal within thirty days of the ruling on his motion to reconsider sentence. However, pursuant to La.Code Crim.P.

1

art. 881.1, Smith had thirty days following the imposition of his sentence to file a motion to reconsider sentence. Smith was sentenced on September 3, 2004. He filed his motion to reconsider sentence on April 18, 2005, which was beyond said thirty day time limit. Therefore, according to La.Code Crim.P. art. 888.1, Smith's motion to reconsider sentence was untimely filed and that time period cannot be used to extend the time period allowed for appeal as set forth in La.Code Crim.P. art. 914.

Smith also filed a motion for new trial; however, that motion was filed after sentencing and was eventually amended to involve only newly discovered evidence. Pursuant to La.Code Crim.P. art. 853, a motion for new trial based upon newly discovered evidence may be filed within one year after verdict or judgment of the trial court. Accordingly, the motion for new trial did not affect the time in which Smith was required to file a motion for appeal.

As Smith failed to file his motion for appeal within the time period allowed by La.Code Crim.P. art. 914, his conviction and sentence became final. Once Smith's conviction and sentence became final, he could no longer obtain an appeal by simply filing a motion for appeal. *State v. Labiche*, 96-433 (La.App. 3 Cir. 7/31/96), 680 So.2d 77. Thus, Smith must first obtain reinstatement of his right to appeal by way of a properly filed application for post-conviction relief. *Id.*; *State v. Dixon*, 00-516 (La.App. 3 Cir. 6/7/00), 768 So.2d 99; *State v. Counterman*, 475 So.2d 336 (La.1985).

In *Dixon*, this court stated:

> *State v. Counterman*, 475 So.2d 336 (La.1985) sets forth the procedure which should be followed to obtain the right to file an out-of-time appeal. In *Counterman*, the defendant was sentenced on February 10, 1983. No appeal was filed within the time period set forth in Article 914. On April 10, 1984, the defendant filed a motion for an out-of-time appeal. The trial court granted the motion without a hearing and without

2

affording the district attorney an opportunity to respond to the motion. The First Circuit Court of Appeal dismissed the appeal "on the basis that the trial court was without authority or jurisdiction to grant an out-of-time appeal on an *ex parte* motion." *Id.* at 338. The defendant filed a motion for out-of-time appeal with the court of appeal, which was denied. The defendant then filed a motion for out-of-time appeal with the supreme court. The supreme court held that the defendant lost his right to obtain an appeal by simply filing a motion for an appeal after the time delays had run--not because the trial court was divested of jurisdiction but "because the conviction and sentence became final when the defendant failed to appeal timely." *Id.* (footnote omitted). The supreme court held that the proper procedure for obtaining an out-of-time appeal is by filing an application for post conviction relief pursuant to La.Code Crim.P. arts. 924-930.7. [(footnote omitted).] In so ruling, the supreme court found several advantages to following this procedure. Primarily, the district attorney would be allowed an opportunity to oppose a request, and the defendant would be afforded an evidentiary hearing to prove his allegations.

An out-of-time appeal is appropriately granted when the trial court has determined it is warranted "after due consideration of such factors as the length of the delay in defendant's attempt to exercise the right and the adverse effect upon the state caused by the delay." *Id.* at 340. The supreme court ultimately concluded that the defendant's motion for an out-of-time appeal filed in the trial court should have been treated as an application for post conviction relief and remanded the case to the trial court for consideration as such. Following *Counterman*, we find that Defendant's January 18, 2000 motion for appeal should have been treated by the trial court as an application for post conviction relief requesting an out-of-time appeal. We note that La.Code Crim.P. art. 930.8 now provides that the time delays for filing an application for post conviction relief are applicable to requests for out-of-time appeals, unless an exception is made. Therefore, Defendant shall be permitted an opportunity to amend his motion to comply with the requirements of Articles 924-930.8. By doing so, the State will then be given an opportunity to contest the granting of an appeal.

*Dixon*, 768 So.2d at 101-102.

Smith's appeal is hereby dismissed and this case is remanded to the trial court for further proceedings. Smith is to be permitted an opportunity to seek an out-of-time appeal by way of an application for post conviction relief by amending his motion to appeal to comply with the requirements of La.Code Crim.P. arts. 924-930.8; and the State is to be given an opportunity to contest the granting of an

out-of-time appeal.

**APPEAL DISMISSED; REMANDED WITH INSTRUCTIONS.**