| STATE OF LOUISIANA | * | NO. 2024-K-0625 |
|---|---|---|
| VERSUS | * | |
| | | COURT OF APPEAL |
| JARED CROWTHER | * | |
| | | FOURTH CIRCUIT |
| | * | |
| | | STATE OF LOUISIANA |

* * * * * * *


APPLICATION FOR WRITS DIRECTED TO
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 483-748 & 488-356, SECTION "J"
Honorable Darryl A. Derbigny, Judge
* * * * * *
**Judge Dale N. Atkins**
* * * * * *

(Court composed of Chief Judge Roland L. Belsome, Judge Daniel L. Dysart, Judge Dale N. Atkins)

Liz Murrill, Attorney General
J. Bryant Clark Jr.
J. Taylor Gray
Stephanie May Bruno
Louisiana Department of Justice
Post Office Box 94005
Baton Rouge, LA 70804

      COUNSEL FOR RELATOR, the Louisiana Attorney General

Robert Hjortsberg
1555 Poydras Street, Suite 1600
New Orleans, LA 70112

      COUNSEL FOR RESPONDENT, Jared Crowther


**WRIT GRANTED; JUDGMENT REVERSED IN PART; JUDGMENT
VACATED IN PART; SENTENCES VACATED; ORIGINAL SENTENCES
REINSTATED
JANUARY 31, 2025**

DNA

RLB

DLD

The two criminal cases underlying this writ application concern convictions for possession with intent to distribute cocaine and armed robbery. Relator, the Attorney General, seeks review of the district court's recent actions in the two criminal cases (Nos. 488-356 and 483-748) in which Respondent, Jared Crowther ("Mr. Crowther"), pled guilty and was sentenced in 2010. Specifically, the district court granted Mr. Crowther's "Motion to Recuse the District Attorney," which he filed only in No. 488-356; granted Mr. Crowther's "Motion to Appoint Special Prosecutor," which he filed only in No. 488-356; appointed R. Judson Mitchell ("Mr. Mitchell") as special prosecutor in Nos. 488-356 and 483-748; granted a "Joint Motion to Dismiss the Multiple Bill and Reconsider Sentence" filed by Mr. Mitchell and counsel for Mr. Crowther in No. 488-356; resentenced Mr. Crowther in No. 488-356 to fifteen years at hard labor with credit for time served and with the sentence to run concurrently with any others; granted a "Joint Motion to Dismiss the Multiple Bill and Reconsider Sentence" filed by Mr. Mitchell and counsel for Mr. Crowther in No. 483-748; resentenced Mr. Crowther in No. 483-748 to fifteen years at hard labor with credit for time served and with the sentence to run concurrently with any others; and denied a "Motion to Intervene and Vacate

1

Reconsideration of Sentence" filed by the Attorney General, whereby the Attorney General sought to intervene and vacate Mr. Crowther's new sentences in Nos. 488-356 and 483-748. For the following reasons, we grant the Attorney General's writ application; reverse the district court's grant of Mr. Crowther's Motion to Appoint Special Prosecutor filed in No. 488-356; vacate the district court's appointment of Mr. Mitchell as special prosecutor in Nos. 488-356 and 483-748; vacate the district court's grant of the Joint Motions to Dismiss the Multiple Bill and Reconsider Sentence filed in Nos. 488-356 and 483-748; reverse the district court's denial of the Attorney General's Motion to Intervene and Vacate Reconsideration of Sentence; vacate the district court's new sentences issued in Nos. 488-356 and 483-748; and reinstate Mr. Crowther's original sentence of thirty years' imprisonment at hard labor in No. 488-356 and thirty years' imprisonment at hard labor in No. 483-748, with the sentences in each of those cases to run concurrently with any of Mr. Crowther's other sentences and with credit for time served.

## RELEVANT PROCEDURAL HISTORY[1]

On April 14, 2010, Mr. Crowther pled guilty as charged to possession with intent to distribute cocaine in No. 483-748. On the same day, Mr. Crowther also pled guilty as charged for armed robbery and possession with intent to distribute cocaine in No. 488-356. Additionally, in No. 488-356, Mr. Crowther pled guilty to being a second felony offender regarding the possession with intent to distribute cocaine charge.

On the same day as his guilty pleas, April 14, 2010, the district court sentenced Mr. Crowther. In No. 483-748, the district sentenced Mr. Crowther for

---

[1] The facts of the underlying offenses are not pertinent to the issues raised in the Attorney General's writ application.

2

the possession with intent to distribute charge to thirty years' imprisonment at hard labor with the sentence to run concurrently with any other sentences and with credit for time served. Likewise, in No. 488-356, the district court sentenced Mr. Crowther for the armed robbery and possession with intent to distribute charges to thirty years' imprisonment at hard labor with the sentence to run concurrently with any other sentences and with credit for time served. In No. 488-356, the district court sentenced Mr. Crowther as a multiple offender for the possession with intent to distribute cocaine charge.

***Subsequent Proceedings in Case No. 488-356***

On December 13, 2023, counsel for Mr. Crowther, Robert Hjortsberg ("Mr. Hjortsberg"), filed a Motion to Recuse the District Attorney, and the district court granted the motion that same day. Thereafter, on March 13, 2024, Mr. Hjortsberg filed a Motion to Appoint Special Prosecutor. Minute entries dated March 13, 2024, and March 26, 2024, in the Docket Master for No. 488-356, attached as an exhibit to the Attorney General's writ application, both stated:

> Defendant, Jared A[.] Crowther[,] did not appear for post[-]conviction hearing. Defendant in [Department of Corrections] custody. Defense Counsel did not appear. No one from the Attorney General['s] Office appeared. Post[-]conviction hearing set for 05/29/24 >Send notice to defense counsel [Mr.] Hjortsberg. Send notice to the Attorney General at: []400 Poydras St, Suite 1600, NOLA 70130.

According to the Attorney General's writ application, however, 400 Poydras Street was not a valid address for the Louisiana Attorney General's Office, such that the Attorney General did not receive notice regarding the Motion to Recuse the District Attorney and the Motion to Appoint Special Prosecutor.

On May 21, 2024, the district court granted Mr. Crowther's Motion to Appoint Special Prosecutor and appointed Mr. Mitchell as special prosecutor.

According to the Attorney General's writ application and not disputed by Mr. Crowther, at the time of the appointment, Mr. Mitchell was the *pro bono* coordinator and clinic professor for the Stuart H. Smith Law Clinic & Center for Social Justice at Loyola University New Orleans College of Law ("clinic work"). A June 12, 2024 minute entry in the Docket Master for No. 488-356 stated: "Special Prosecutor, [Mr.] Mitchell[,] is currently in jury trial in another . . . section." On June 13, 2024, Mr. Mitchell accepted his appointment as special prosecutor.

On the same day Mr. Mitchell accepted his appointment, he and Mr. Hjortsberg filed a Joint Motion to Dismiss the Multiple Bill and Reconsideration of Sentence, which the district court granted. The district court then resentenced Mr. Crowther in No. 488-356 to fifteen years at hard labor with credit for time served and with the sentence to run concurrently with any others.

***Subsequent Proceedings in Case No. 483-748***

On July 11, 2024, Mr. Mitchell and Mr. Hjortsberg filed a Joint Motion to Dismiss the Multiple Bill and Reconsideration of Sentence, which the district court granted that same day. The district court then resentenced Mr. Crowther in No. 483-748 to fifteen years at hard labor with credit for time served and with the sentence to run concurrently with any others.

***Motion to Intervene and Vacate Reconsideration of Sentence***

On August 9, 2024, the Attorney General filed her Motion to Intervene and Vacate Reconsideration of Sentence. Therein, she contended "[t]he appointment of a special prosecutor in this matter, in lieu of the appointment of the attorney general, was error as a matter of law." To this end, the Attorney General argued "[t]he plain language of [La. C.Cr.P. arts. 61 and 62] is clear; in the event that the

4

district attorney is not the prosecuting authority, the attorney general becomes the legal prosecuting authority." Additionally, the Attorney General argued the district court's appointment of Mr. Mitchell as special prosecutor violated La. Const. art. V, § 26(C) and La. C.Cr.P. art. 65 because "[u]pon information and belief," Mr. Mitchell continued to represent criminal defendants in his clinic work during the course of his appointment in the same parish in which the district court appointed him special prosecutor (Orleans Parish). Further, the Attorney General contended she "has the authority to intervene in cases, such as the instant case, in order to protect the rights and interest[s] of the State of Louisiana against illegal sentences." In this regard, the Attorney General observed the district court issued Mr. Crowther's original sentences fourteen years before Mr. Mitchell and Mr. Hjortsberg filed the Joint Motions to Dismiss the Multiple Bill and Reconsider Sentence in Nos. 488-356 and 483-748. She further noted there was "no indication that the [district] court, at sentencing, set a period of time longer than 30 days to seek a reconsideration of sentence." Accordingly, the Attorney General asserted the Joint Motions to Dismiss the Multiple Bill and Reconsideration of Sentence were untimely per the deadline established in La. C.Cr.P. art. 881.1, such that the district court's reconsideration of Mr. Crowther's sentences and issuance of new sentences resulted in illegal sentences. The Attorney General sought intervention "to fairly and faithfully uphold the laws of Louisiana."

Without providing reasons for doing so, the district court denied the Attorney General's Motion to Intervene and Vacate Reconsideration of Sentence on August 28, 2024. The Attorney General's timely writ application to this Court followed.

5

**ASSIGNMENTS OF ERROR**

In her writ application, the Attorney General asserts four assignments of error:

(1)     The District Court appointed [Mr.] Mitchell as "special prosecutor" in docket number 488-356, in violation of the Louisiana Constitution and the Code of Criminal Procedure;

(2)     The District Court permitted [Mr.] Mitchell to act as special prosecutor in docket number 483-748, when the District Attorney had never been recused in that case;

(3)     The District Court entertained and granted reconsideration of the sentences in both cases, violating the Louisiana Constitution and the Code of Criminal Procedure; and

(4)     The District Court erroneously denied the Attorney General's *Motion to Intervene and Vacate*.

We discuss each of these in turn.

**DISCUSSION**

**Assignments of Error Numbers One and Two: Whether the District Court Erred in Appointing Mr. Mitchell as Special Prosecutor**

In her first and second assignments of error, the Attorney General contends the district court erred in appointing Mr. Mitchell as special prosecutor in Nos. 488-356 and 483-748. In terms of Mr. Mitchell's appointment in No. 488-356, the Attorney General asserts the district court violated the Louisiana Constitution and the Louisiana Code of Criminal Procedure because Mr. Mitchell continued to represent criminal defendants in Orleans Parish pursuant to his clinic work during his appointment in No. 488-356. Turning to Mr. Mitchell's appointment in No. 483-748, the Attorney General contends it was improper because the district attorney had never recused or been recused in that case, such that the district court should not have even permitted someone to replace him. Because both assignments

6

of error concern Mr. Mitchell's appointment as special prosecutor, we combine them for purposes of our discussion.

As discussed previously, the district court appointed Mr. Mitchell after granting Mr. Crowther's Motion to Recuse the District Attorney and Motion to Appoint Special Prosecutor, both of which he filed only in No. 488-356. Regarding the recusal of a district attorney, La. C.Cr.P. art. 682 provides, in pertinent part:

> When a district attorney is recused, or recuses himself [or herself], the [district] judge shall either appoint an attorney at law, who has the qualifications of a district attorney and is not an assistant to the recused district attorney, to act in the place of the district attorney in the case, or shall notify the attorney general in writing of the recusation.

Because the underlying facts surrounding Mr. Mitchell's appointment are not disputed, resolution of the Attorney General's first and second assignments of error requires us to determine whether the district court properly interpreted and applied La. C.Cr.P. art. 682 in appointing Mr. Mitchell as special prosecutor in No. 488-356 and in permitting him to serve as special prosecutor in No. 483-748.

When there is no dispute as to the facts, an appellate court's application of a statute or code article to the facts of a case presents a question of law to be reviewed under the *de novo* standard of review. *Lepine v. Dep't of Wildlife & Fisheries*, 2022-0160, pp. 3-4 (La. App. 4 Cir. 10/5/22), 350 So.3d 988, 991 (citing *Brown v. Chesson*, 2020-00730, p. 3 (La. 3/24/21), 315 So.3d 834, 836). Likewise, as this Court has previously held, an appellate court reviews a question of law, including the proper interpretation of a statute, under the *de novo* standard of review, thereby giving no deference to the trial court's interpretation of same. *Commodore v. City of New Orleans*, 2019-0127, p. 9 (La. App. 4 Cir. 6/20/19), 275 So.3d 457, 465-66 (first citing *Carver v. La. Dep't of Pub. Safety*, 2017-1340,

7

p. 4 (La. 1/30/18), 239 So.3d 226, 230; and then citing *St. Bernard Port, Harbor & Terminal Dist. v. Guy Hopkins Constr. Co.*, 2016-0907, p. 4 (La. App. 4 Cir. 4/5/17), 220 So.3d 6, 10). In interpreting statutes, courts are to be mindful that "[w]hen a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written." La. C.C. art. 9. Courts are also supposed to "give effect to all parts of a statute and should not give a statute an interpretation that makes any part superfluous or meaningless, if that result can be avoided." *Commodore*, 2019-0127, pp. 13-14, 275 So.3d at 469 (quoting *Pumphrey v. City of New Orleans*, 2005-979, p. 11 (La. 4/4/06), 925 So.2d 12012, 1210). Additionally, when courts interpret statutes, courts are to "presume[] the Legislature's actions in crafting a law were knowing and intentional" and to presume the Legislature "enacted each statute with deliberation and with full knowledge of all existing laws on the same subject." *Richards Clearview City Ctr., LLC v. Starr Surplus Lines Ins. Co.*, 2024-104, p. 7 (La. App. 5 Cir. 6/5/24), 391 So.3d 101, 107 (first citing *La. Safety Ass'n of Timbermen Self-Insurers Fund v. La. Ins. Guar. Ass'n*, 2009-0023, p. 10 (La. 6/26/09), 17 So.3d 350, 356; and then citing *Theriot v. Midland Risk Ins. Co.*, 1995-2895, p. 4 (La. 5/20/97), 694 So.2d 184, 186). Accordingly, we review the Attorney General's first and second assignments of error *de novo* with these statutory interpretation precepts in mind.

### No. 488-356

The Attorney General contends Mr. Mitchell's appointment in No. 488-356 violated La. Const. art. V, § 26(C), and La. C.Cr.P. art. 65. Specifically, she contends Mr. Mitchell did not meet "the qualifications of a district attorney" as required by La. C.Cr.P. art. 682 because he continued his clinic work during his appointment. We agree.

Louisiana Constitution Article V, Section 26 is titled "District Attorneys," and it states, in pertinent part, that "[n]o district attorney or assistant district attorney shall appear, plead, or in any way defend or assist in defending *any* criminal prosecution or charge. A violation of this Paragraph shall be cause for removal." La. Const. art. V, § 26(C) (emphasis added). Louisiana Code of Criminal Procedure Article 65(1) provides "[i]t is unlawful for" a district attorney or assistant district attorney "to defend or assist in the defense of *any* person charged with an offense in *any* parish of the state." (Emphasis added). Based on the foregoing constitution and code articles, it is clear that to be a district attorney or an assistant district attorney one cannot be involved in *any* criminal defense work while serving as a district attorney or an assistant district attorney. In fact, the Louisiana Supreme Court has specifically held that an attorney "violate[s] both constitutional and statutory prohibitions by serving as an assistant district attorney in" a parish "while continuing to represent defendants in criminal cases in that same parish." *In re Smith*, 2009-2447, p. 7 (La. 3/5/10), 29 So.3d 1232, 1236. Because La. C.Cr.P. art. 682 permits the district court to appoint an attorney as a substitute for a recused district attorney only if that attorney "has the qualifications of a district attorney," it axiomatically follows that an attorney appointed as a substitute for a recused district attorney is also prohibited from having any involvement in criminal defense work during the course of his or her appointment as special prosecutor.

As observed by the Attorney General, supported by her writ application, and undisputed by Mr. Crowther, Mr. Mitchell continued to perform his clinic work during his appointment as special prosecutor. In particular, a June 12, 2024 docket entry in No. 488-356 stated, "Special prosecutor, [Mr.] Mitchell[,] is currently in

9

jury trial in another . . . section." This was after the district court had already appointed Mr. Mitchell as special prosecutor in No. 488-356; and it was only one day before Mr. Mitchell officially accepted his appointment. This was also only one day before Mr. Mitchell and Mr. Hjortsberg filed the Join Motion to Dismiss the Multiple Bill and Reconsider Sentence in No. 488-356. The record contains no evidence demonstrating Mr. Mitchell discontinued his clinic work upon being appointed special prosecutor on May 21, 2024, or upon accepting his appointment as special prosecutor on June 13, 2024, nor does Mr. Crowther contend as much.

Instead, Mr. Crowther counters in his brief to this Court that Mr. Mitchell's appointment in No. 488-356 was proper and was not in violation of La. Const. art. V, § 26(C), or La. C.Cr.P. art. 682 because he had no conflicts of interest in *this* matter that "would have prevented him legally or ethically from serving as special prosecutor." However, we disagree with this argument. Louisiana Constitution Article V, Section 26 (C), and La. C.Cr.P. art. 65, respectively, prohibit a district attorney or an assist district attorney—and, by extension, a special prosecutor based on our above holding—from "defending *any* criminal prosecution or charge" and from defending "*any* person charged with an offense in *any* parish of the state." (Emphasis added.) Use of the word "any" in these articles plainly demonstrates an outright prohibition on district attorneys, assistant district attorneys, and special prosecutors participating in criminal defense work while serving in the capacity of district attorney, assistant district attorney, or special prosecutor. Neither La. Const. art. V, § 26(C), nor La. C.Cr.P. art. 65 contain a provision to the effect that this prohibition is conditional or a caveat that criminal defense representation in some cases is permissible so long as there is no conflict of interest with any cases on which the district attorney, assistant district attorney,

10

or special prosecutor serves as the prosecutor. If the Legislature wanted to provide such a caveat, particularly for special prosecutors, it would have chosen to do so in La. C.Cr.P. art. 682, having acted with full knowledge of the criminal defense work prohibition found in La. Const. art. V, § 26(C), and La. C.Cr.P. art. 65. *See Richards Clearview City Ctr., LLC*, 2024-104, p. 7, 391 So.3d at 107 (citations omitted) (holding courts are to "presume[] the Legislature's actions in crafting a law were knowing and intentional" and to presume the Legislature "enacted each statute with deliberation and with full knowledge of all existing laws on the same subject"). Rather, the prohibition exists because there would be an inherent conflict of interest if an attorney were to serve as district attorney, assistant district attorney, or special prosecutor in some cases and as defense attorney in others merely because of the competing and opposing natures of these types of representation.

By simultaneously serving as special prosecutor and performing his clinic work, Mr. Mitchell contravened the prohibition against criminal defense work for district attorneys, assistant district attorneys, and special prosecutors as found in La. Const. art. V, § 26(C), and La. C.Cr.P. art. 65. Accordingly, he failed to meet "the qualifications of a district attorney" as required by La. C.Cr.P. art. 682 for an attorney to substitute for a recused district attorney. We thus agree with the Attorney General that the district court erred in appointing Mr. Mitchell to serve as special prosecutor in No. 488-356 and permitting him to continue serving in that role when he failed to discontinue his clinic work.

*No. 483-748*

Turning to No. 483-748, the district court not only erred in allowing Mr. Mitchell to act as special prosecutor in this case for the reasons discussed above

but also for another reason. As noted by the Attorney General and outlined in the procedural history of this case, Mr. Crowther never filed a Motion to Recuse the District Attorney in No. 483-748 nor did the district attorney recuse himself. As quoted previously, La. C.Cr.P. art. 682 states, "[w]*hen a district attorney is recused, or recuses himself* [*or herself*], the [district] judge shall either appoint an attorney at law . . . to act in the place of the district attorney in the case, or shall notify the attorney general in writing of the recusation." (Emphasis added.) A plain reading of La. C.Cr.P. art. 682 reveals the district court's duty and ability to appoint and allow an attorney to act in the place of the district attorney or to send notice to the attorney general about the recusation of a district attorney is conditioned upon the district attorney first being recused or having recused himself or herself. That is, the district court cannot appoint a special prosecutor or notify the attorney general about a district attorney's recusation unless and until the district attorney is in fact already recused or has recused himself or herself. Because La. C.Cr.P. art. 682 is "clear and unambiguous," we are to apply it as written. La. C.C. art. 9. Applying it as written, we find the district court should not have permitted Mr. Mitchell to act as special prosecutor in No. 483-748 because the district attorney had neither been recused nor recused himself at the time of the appointment. To apply La. C.Cr.P. art. 682 otherwise (as the district court did) would render the opening phrase of the article—"[w]hen a district attorney is recused, or recuses himself [or herself]"—superfluous and meaningless. This would be in contravention of the rule that courts are supposed to "give effect to all parts of a statute and should not give a statute an interpretation that makes any part superfluous or meaningless, if that result can be avoided." *Commodore*, 2019-

12

0127, pp. 13-14, 275 So.3d at 469 (quoting *Pumphrey*, 2005-979, p. 11, 925 So.2d at 1210).

For the foregoing reasons, the Attorney General's first and second assignments of error have merit. We conclude the district court erred in appointing Mr. Mitchell as special prosecutor in No. 488-356 and in permitting him to act as special prosecutor in 483-748. Accordingly, we vacate the district court's appointment of Mr. Mitchell as special prosecutor in Nos. 488-356 and 483-748.

**Assignment of Error Number Three: Whether the District Court Erred in "[E]ntertain[ing]" and Granting Reconsideration of Mr. Crowther's Sentences in Nos. 488-356 and 483-748**

In her third assignment of error, the Attorney General asserts, "[t]he [d]istrict [c]ourt entertained and granted reconsideration of the sentences in both cases, violating the Louisiana Constitution and the Code of Criminal Procedure." In particular, she contends the district court violated La. Const. art. II, § 2;[2] La. Const. art. IV, § 5;[3] and La. C.Cr.P. art. 881.1. We begin our consideration of the Attorney General's argument with La. C.Cr.P. art. 881.1. Because resolution of this assignment of error calls on us to interpret and apply La. C.Cr.P. art. 881.1, we again apply the *de novo* standard of review.

Louisiana Code of Criminal Procedure Article 881.1(A)(1) states, "In felony cases, within thirty days following the imposition of sentence or within such longer period as the trial court may set at sentence, the state or the defendant may make or

---

[2] Louisiana Constitution Article II, Section 2 states, "Except as otherwise provided by this constitution, no one of these branches, nor any person holding office in one of them, shall exercise power belonging to either of the others."

[3] Louisiana Constitution Article IV, Section 5(E)(1) provides, in pertinent part, that "[t]he governor may grant reprieves to persons convicted of offenses against the state and, upon favorable recommendation of the Board of Pardons, may commute sentences." (Footnote omitted.)

file a motion to reconsider sentence." According to La. C.Cr.P. art. 881.1(A)(1), a motion to reconsider sentence is untimely if it is filed more than thirty days after sentencing if the sentencing transcript does not reflect that the district court extended the time for filing the motion to reconsider during the defendant's sentencing. *State v. Jones*, 41,449, p. 30 (La. App. 2 Cir. 9/20/06), 940 So.2d 61, 78 (citing *State v. Neville*, 1995-0547, pp. 2-3 (La. App. 4 Cir. 5/16/95), 655 So.2d 785, 787). A district court has no authority to consider a motion to reconsider sentence that is untimely per La. C.Cr.P. art. 881.1. *State v. Wade*, 53,311, p. 4 (La. App. 2 Cir. 1/15/20), 289 So.3d 1158, 1162 (citing *Jones*, 41,449, p. 30, 940 So.2d at 78). *See also State v. Caliste*, 2012-0533, p. 8 (La. App. 4 Cir. 9/4/13), 125 So.3d 8, 14 (holding "[t]he failure to file a motion to consider within the time delays required *prevents* the [district] court from considering the motion" (emphasis added) (citing *State v. Williams*, 1996-1587, p. 11 (La. App. 4 Cir. 4/16/97), 693 So.2d 249, 255)). In fact, a district court errs in simply considering an untimely motion to reconsider sentence, let alone in granting an untimely motion. *Wade*, 53,311, p. 4, 289 So.3d at 1162.

Moreover, if a defendant fails to file a motion for appeal within the time period allowed by La. C.Cr.P. art. 914, the defendant's conviction and sentence subsequently become final. *State v. Smith*, 2005-1355, p. 2 (La. App. 3 Cir. 3/1/06), 926 So.2d 28, 29. Louisiana Code of Criminal Procedure Article 914 provides, in pertinent part:

> B. The motion for an appeal must be made no later than:
>
> (1) Thirty days after the rendition of the judgment or ruling from which the appeal is taken.

> (2) Thirty days from the ruling on a motion to reconsider sentence filed pursuant to Article 881.1, should such a motion be filed.

La. C.Cr.P. art. 914(B). Thereafter, "[t]he Louisiana Code of Criminal Procedure does not provide a procedural vehicle with which to modify a sentence that has become final." *State v. Perkins*, 2008-0078, p. 10 (La. App. 4 Cir. 6/25/08), 988 So.2d 793, 799.

Turning to the matter *sub judice*, Mr. Crowther did not file his motion to reconsider sentence in No. 488-356 until June 17, 2024, and did not file his motion to reconsider sentence in No. 483-748 until July 11, 2024, both of which were over fourteen years after the district court originally sentenced him on April 14, 2010. Thus, Mr. Crowther filed his motions to reconsider sentence beyond the thirty-day deadline established in La. C.Cr.P. art. 881.1. The minute entries for the date of Mr. Crowther's original sentencing in Nos. 488-356 and 483-748 do not state that the district court set a longer period for Mr. Crowther to file a motion to reconsider sentence during the sentencing hearing. If "there is a discrepancy between a minute entry and the transcript, the transcript prevails," but in this instance we do not even have the sentencing transcript to consult to determine whether the district court set a longer period of time for Mr. Crowther to file a motion to reconsider sentence. *State v. Budd*, 2023-0594, p. 19 (La. App. 4 Cir. 7/26/24), ___ So.3d ___, ___, 2024 WL 3548644, at *9 (quoting *State v. Lawrence*, 2012-1026, p. 5 (La. App. 4 Cir. 7/3/13), 120 So.3d 812, 816). "[A]s an appellate court, we are 'a court of record and can only review what is contained in the record on review.'" *JoAnn Place v. Ricard*, 2022-0456, p. 12 (La. App. 4 Cir. 12/27/22), 356 So.3d 518, 527 (quoting *NOLA 180 v. Harrah's Operating Co.*, 2012-0072, p. 3 (La. App. 4 Cir. 5/16/12), 94 So.3d 886, 888). Accordingly, even assuming arguendo that the

transcript of Mr. Crowther's sentencing hearing reflected that the district court provided additional time for Mr. Crowther to file a motion to reconsider sentence, the transcript is not before us for our consideration. Moreover, we note Mr. Crowther has not contended the district court provided him with additional time, let alone with an additional fourteen-plus years, nor has he attempted to supplement the record with the sentencing transcript to reflect such an extension of time. Therefore, we hold "La. C.Cr.P. art. 881.1 [did] not provide a procedural vehicle to the [district] court's action[s]" of granting the Joint Motions to Dismiss the Multiple Bill and Reconsider Sentence and issuing new sentences because: 1) Mr. Crowther's June and July 2024 motions to reconsider sentences were filed more than thirty days after the April 14, 2010 imposition of his sentences; and 2) the record does not reflect that the district court set a longer period within which Mr. Crowther could file a motion to reconsider sentence. *Perkins*, 2008-0078, p. 11, 988 So.2d at 800.

Additionally, the record before this Court does not reflect that Mr. Crowther filed a motion for appeal after his guilty plea and sentencing within the time period allowed by La. C.Cr.P. art. 914 (nor does Mr. Crowther contend that he did); so his sentence became final upon the expiration of the delay for so filing. *Smith*, 2005-1355, p. 2, 926 So.2d at 29; La. C.Cr.P. art. 914. The Louisiana Code of Criminal Procedure does not contain a provision allowing a court to modify a sentence that has become final. *Perkins*, 2008-0078, p. 10, 988 So.2d at 799. Thus, the district court's action in changing Mr. Crowther's sentences in Nos. 488-356 and 483-748 from thirty to fifteen years was not legally permissible.

Because the trial court legally erred in even considering Mr. Crowther's untimely motions to reconsider sentence and did not have the legal authority to

modify Mr. Crowther's sentences, we vacate the trial court's grant of the Joint Motions to Dismiss the Multiple Bill and Reconsider Sentence filed in Nos. 488-356 and 483-748; reverse the district court's August 28, 2024 ruling, which denied the Attorney General's Motion to Vacate Reconsideration of Sentence; vacate the district court's new sentences issued in Nos. 488-356 and 483-748; and reinstate Mr. Crowther's original sentence of thirty years' imprisonment at hard labor in No. 488-356 and thirty years' imprisonment at hard labor in No. 483-748, with the sentences in each of those cases to run concurrently with any of Mr. Crowther's other sentences and with credit for time served. Having so held, we pretermit discussion of the Attorney General's argument that the district court's consideration of Mr. Crowther's motions to reconsider sentence also violated the separation of powers as delineated in La. Const. art. II, § 2, and La. Const. art. IV, § 5.

### Assignment of Error Number Four: The District Court Erroneously Denied the Attorney General's Motion to Intervene

In her fourth and final assignment of error, the Attorney General asserts the district court erroneously denied her Motion to Intervene. Louisiana Constitution Article IV, § 8, is titled "Attorney General; Powers and Duties." It provides:

> There shall be a Department of Justice, headed by the attorney general, who shall be the chief legal officer of the state. . . .
>
> As necessary for the assertion or protection of any right or interest of the state, the attorney general shall have authority . . . for cause, when authorized by the court which would have original jurisdiction and subject to judicial review, (a) to institute, prosecute, or intervene in any criminal action or proceeding, or (b) to supersede any attorney representing the state in any civil or criminal action.

La. Const. art. IV, § 8. As delineated in the above quote, the district court's decision on the Attorney General's Motion to Intervene is subject to review. When,

as in the matter *sub judice*, the district court made no factual findings in ruling on the Attorney General's Motion to Intervene, the parties do not dispute the relevant facts, and the Attorney General seeks to intervene on the basis of the purported legal invalidity of certain actions, then we find "the only issue is a question or finding of law," which is reviewed *de novo*. *State in Interest of S.F.*, 2024-0383, p. 4 (La. App. 4 Cir. 10/7/24), ___ So.3d ___, ___, 2024 WL 4432247, at *4 (quoting *State in Interest of G.S.*, 2019-0605, p. 5 (La. App. 4 Cir. 12/4/19), 287 So.3d 752, 756). Thus, we must consider whether the Attorney General demonstrated cause for her intervention per La. Const. art. IV, § 8, such that the trial court erred in denying her Motion to Intervene.

In interpreting La. Const. art. IV, § 8, the Louisiana Supreme Court has held, "[t]he 'cause' requirement refers to a showing that the district attorney is not adequately asserting some right or interest of the state." *Plaquemines Par. Comm'n Council v. Perez*, 379 So.2d 1373, 1377 (La. 1980) (citing Hargrave, *The Judiciary Article of the Louisiana Constitution of 1974*, 37 LA.L.REV. 765, 835 (1977)). *See, e.g., State v. Lee*, 2022-01827, pp. 2, 5 (La. 9/1/23), 370 So.3d 408, 410-412 (wherein the Attorney General intervened on the basis of challenging the constitutionality of La. C.Cr.P. art. 930.10 and sought the vacatur of a postconviction plea agreement by which a murder conviction and sentence of life without parole were vacated). Additionally, La. C.Cr.P. art. 62 is titled "Authority of attorney general; supervision of district attorney." It provides:

> A. The attorney general shall exercise supervision over all district attorneys in the state.

> B. The attorney general has authority to institute and prosecute, or to intervene in any proceeding, as he [or she] may deem necessary for the assertion or protection of the rights and interests of the state.

18

*See also Walmsley v. Pan Am. Petroleum Corp.*, 144 So.2d 627, 630 (La. App. 4th Cir. 1962) (citations omitted). For example, in *Lee*, the Louisiana Supreme Court noted that, in light of the "unique, non-adversarial nature of the code article" at issue, "there was, in effect, no dispute between the parties as to the constitutionality of the law," such that "[i]f the Attorney General was barred from making [the constitutional] challenge," which was the basis for seeking to intervene in the case, then "the validity of the code article would be beyond judicial review." 2022-01827, p. 5, 370 So.3d at 412 n.5.

In the matter *sub judice*, the Attorney General argued in her Motion to Intervene and argues in her writ application to this Court that cause for her intervention existed because the special prosecutor and the district court failed to uphold multiple laws. As previously discussed, La. Const. art. V, § 26, and La. C.Cr.P. art. 65 prohibit a district attorney, an assistant district attorney, or a special prosecutor from participating in criminal defense work while simultaneously serving as a district attorney, assistant district attorney, or a special prosecutor. In contravention of these laws, the district court permitted Mr. Mitchell to serve as special prosecutor in Nos. 488-356 and 483-748 while continuing his clinic work. As also previously discussed, Mr. Mitchell's appointment as special prosecutor in No. 483-748 violated La. C.Cr.P. art. 682, by which a district court can only appoint and permit someone to act as a special prosecutor when a district attorney has already been recused or recused himself or herself. Further, in the previous section, we explained how the district court's mere consideration of the Joint Motions to Reconsider Sentence in Nos. 488-356 and 483-748 violated La. C.Cr.P. art. 881.1 because those motions were untimely. Not only did the district court entertain the Joint Motions to Reconsider Sentence, the district court went even

19

further and actually granted those motions; instituted new, fifteen-year sentences in Nos. 488-356 and 483-748; and denied the Attorney General's Motion to Vacate Reconsideration of Sentence. The Louisiana Code of Criminal Procedure does not provide authority for any of those actions taken by the district court. All of this occurred while Mr. Mitchell served in the place of the district attorney. Moreover, considering Mr. Mitchell and Mr. Hjortsberg filed *Joint* Motions to Reconsider Sentence, we find that as in *Lee*, "there was, in effect, no dispute between the parties as to the" validity of the actions taken, such that to not permit the Attorney General to intervene to challenge those actions rendered the validity of the actions taken by Mr. Mitchell and Mr. Hjortsberg beyond judicial review. 2022-01827, p. 5, 370 So.3d at 412 n.5.

In light of the foregoing, we find the Attorney General established cause for her intervention because the special prosecutor acting in place of "the district attorney [was] not adequately asserting some right or interest of the state." *Plaquemines Par. Comm'n Council*, 379 So.2d at 1377 (citation omitted). Accordingly, the Attorney General's fourth assignment of error has merit, and we reverse the district court's denial of her Motion to Intervene.

**CONCLUSION**

For the following reasons, we grant the Attorney General's writ application; reverse the district court's grant of Mr. Crowther's Motion to Appoint Special Prosecutor filed in No. 488-356; vacate the district court's appointment of Mr. Mitchell as special prosecutor in Nos. 488-356 and 483-748; vacate the district court's grant of the Joint Motions to Dismiss the Multiple Bill and Reconsider Sentence filed in Nos. 488-356 and 483-748; reverse the district court's denial of the Attorney General's Motion to Intervene and Vacate Reconsideration of

20

Sentence; vacate the district court's new sentences issued in Nos. 488-356 and 483-748; and reinstate Mr. Crowther's original sentence of thirty years' imprisonment at hard labor in No. 488-356 and thirty years' imprisonment at hard labor in No. 483-748, with the sentences in each of those cases to run concurrently with any of Mr. Crowther's other sentences and with credit for time served.

**WRIT GRANTED; JUDGMENT REVERSED IN PART; JUDGMENT VACATED IN PART; SENTENCES VACATED; ORIGINAL SENTENCES REINSTATED**